Malouf ABRAHAM, Appellant,

v.

J. D. CROW et al., Appellees.

No. 7399.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 28, 1964.

Wm. J. Jackson, Canadian, for appellant.

James D. Crow, Canadian, for appellees.

NORTHCUTT, Justice.

This is an action brought by appellees, J. D. Crow et al., against appellant, Malouf Abraham, seeking partition of eighty acres ·of land in Hemphill County, Texas. Appellees contended they owned an undivided ·one-third interest in the land and appellant ·owned the other two-thirds. The appellant contended he owned all of the eighty acres and appellees had no interest in the eighty acres. It was stipulated by the parties that the common source of title to the property

in question was one R. C. Keith. It was further stipulated that said land could not be partitioned in kind and in the event of judgment for appellees, the land should be sold in order to effect partition. There is no question as to the ownership of the two-thirds interest in the property.

The case was originally tried to a jury. At the close of the evidence both appellant and appellees presented to the court their motions for instructed verdict; respectively, and the court overruled both of said motions and both parties excepted. The parties, after the court had refused to grant their motions for judgment, agreed that the jury should be discharged by the court and the matters of fact, if any, as well as of law be determined by the court. The court found in favor of plaintiffs, appellees herein, and granted judgment that appellees recover of and from appellant an undivided one-third interest in the property in question and ordered the land sold. The court appointed J. O. Wells as receiver to sell said property. From that judgment appellant perfected this appeal.

■■ Appellant presents this appeal upon three assignments of error. The first assignment contends the court erred in overruling appellant's motion for instructed verdict; in holding that appellees made out a prima facie case against appellant; and that appellees owned an undivided one-third interest in the land in dispute and were entitled to partition of the same. We are of the opinion when the parties agreed for the court to discharge the jury and to submit the facts and the law to the court the exception as to the failure of the court to instruct the jury to find for appellant was waived. However, we will consider appellant's contention that the court erred in holding that appellees made out a prima facie case against appellant and that appellees owned an undivided one-third interest in the land in dispute. It was stipulated the common source of title to the property in question was one R. C. Keith and appellees introduced a certified copy of the warranty deed from Keith to

Don Pattie covering the property here involved. Appellant objected to the admission in evidence of the certified copy of the warranty deed from Keith to Pattie because no affidavit was filed concerning the original deed so as to permit its introduction as provided under Articles 3726 and 3726b. Appellees testified without objection as to the matters covered under said Articles. It is stated in Hill & Jahns v. Lofton, Tex.Civ.App., 165 S.W. 67 (writ refused) as follows:

"* * * it seems to be now well settled that the evidence of a witness on the stand as to inability to produce the original deed is equivalent to the statutory affidavit, and is sufficient to authorize the introduction of a certified copy."

■ The appellant further objected to the introduction of the warranty deed from Keith to Pattie because Keith's name did not appear in the acknowledgement. This identical question was passed upon in the case of McMurrey v. Lampkins, Tex.Civ. App., 47 S.W.2d 851, and was contrary to appellant's contention. In the case of North American Building & Loan Ass'n v. Bell, Tex.Civ.App., 88 S.W.2d 633, the wife's name did not appear in the acknowledgement but was held sufficient. Appellant also objected as to the certified copy of the warranty deed from Pattie to Crow. The original warranty deed from Pattie to Crow was then introduced which would take place of the certified copy. Appellant's first point of error is overruled.

By appellant's second point of error it contends the court erred in admitting into evidence the deed from Keith to Pattie for the same reason expressed in his first point of error. For the same reasons given above herein, appellant's second point of error is overruled.

By appellant's third point of error it is contended the court erred in failing to grant appellant's motion for an instructed verdict at the conclusion of the testimony

in this case and in awarding judgment for appellees, thereby treating the deed from Keith to appellant as a quitclaim deed. We will have to consider this point as being the court erred in holding the deed from Keith to appellant was a quitclaim deed. Keith was the common source of title. Keith, by warranty deed, transferred this property to Pattie on April 29, 1948. Pattie transferred the property to Crow by warranty deed on December 5, 1958. Keith transferred the property by quitclaim deed to appellant on August 27, 1957.

■ As contended by appellant the warranty deed from Keith to Pattie was material to this cause and was the only basis for holding invalid the deed from Keith to appellant. Some nine years before Keith transferred the property to appellant, he had transferred the property by warranty deed to Pattie. Pattie transferred the property to Crow by warranty deed. Under Article 1290, Tex.Civ.St., Keith, when he attempted to transfer the property to appellant, could transfer no greater right than he had. There are no questions presented in this case about either the five or the ten-year statute of limitations. Where property has been conveyed by the owner, his subsequent conveyance conveys no title. Cooksey v. Blair, Tex.Civ.App., 254 S.W. 509 (writ dismissed). We think the deed from Keith to appellant clearly shows it was purported to transfer no more than the title of Keith and was only a quitclaim. Hale v. Hale, Tex.Civ.App., 93 S.W.2d 535 (writ dismissed).

It is stated in the case of McMahon v. Fender, Tex.Civ.App., 350 S.W.2d 239 (N. R.E.) as follows:

"A quitclaim deed does not of itself establish any title in those holding under it. The quitclaim passes the interest of the grantor in the property, and for the quitclaim to be a conveyance, title in the grantor must be shown. See: 41A Tex.Jur., p. 551, par. 34; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Richardson v. Levi, 67

Tex. 359, 3 S.W. 444; Garrett v. Christopher, 74 Tex. 453, 12 S.W. 67; 19 Tex.Jur.2d par. 11, p. 256."

We are of the opinion, and so hold, that the deed from Keith to appellant clearly shows that Keith only attempted to transfer whatever interest he had in the property and that said deed was a quit-claim. When Keith transferred the property to appellant, he had no title as he had transferred whatever title he had to Pattie and could transfer no better title than he had.

Judgment of the trial court is affirmed.