WHITTINGTON *v.* STATE.

4111                                                      124 S. W. 2d 8

Opinion delivered January 23, 1939.

572

*Russell J. Baxter* and *Paul Johnson,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

HUMPHRIES, J. Information was filed by the prosecuting attorney in the circuit court of Drew county, on the 20th day of September, 1938, charging appellant with the crime of murder in the first degree. On the 21st of September, 1938, attorneys were appointed by the court to defend him. On the 23rd day of September the attorneys filed a motion requesting the court to commit appellant to the State Hospital for Nervous Diseases for observation pursuant to § 3913 of Pope's Digest whereupon the court made the following order:

"Defendant's counsel at 2:30 p. m. September 23, 1938, asked for an order under Int. Act No. 3 to send defendant (appellant) to State Hospital for Nervous Diseases for examination for insanity. Court refuses to issue order at this time, but directs that if defendant (appellant) makes a plea of insanity that a motion to that effect be filed, and a hearing will be had thereon, when defendant (appellant) is called for arraignment."

Appellant objected and excepted to the ruling.

When appellant was arraigned on September 27, 1938, he pleaded not guilty and immediately filed the following motion:

"Comes Russell J. Baxter and Paul Johnson, attorneys for the defendant in the above styled cause, and pursuant to § 3913 of Pope's Digest move the court to commit the defendant to the Arkansas State Hospital for Nervous Diseases and for reasons state:

"That in 1911, Maggie Bethea, sister of the defendant, Jesse Whittington, was indicted in Bradley county for the crime of murder in the first degree and that the said Maggie Bethea interposed a plea of insanity as a complete defense to said charge; that upon the trial of the said cause the jury returned a verdict of 'not guilty'; that attached hereto is the affidavit of B. L. Beasley, circuit clerk of Bradley county, marked Exhibit A and made a part hereof, and an affidavit of G. B. Colvin marked Exhibit B and made a part hereof, said affidavits both being in support of this motion; that this motion is not made for the purpose of delay but only in order that justice may be done defendant.

"Wherefore, premises considered, defendant through his attorneys moves the court for an order committing the defendant, Jesse Whittington, to the Arkansas State Hospital for Nervous Diseases for observation and examination for the purpose of determining his sanity or insanity."

The facts set up in the motion were supported by the affidavits of B. L. Beasley and G. B. Colvin. The court then heard the testimony of several witnesses introduced by the prosecuting attorney to the effect that appellant was sane and overruled the motion to commit appellant to the State Hospital for Nervous Diseases for observation over appellant's objection and exception.

After the motion was overruled appellant was tried and convicted of murder in the second degree and his punishment was assessed at thirteen years imprisonment in the state penitentiary from which judgment of conviction appellant has duly prosecuted an appeal to this court.

Appellant admits that only one error was committed in the case and that the court's refusal over his objection and exception to commit him to the State Hospital for Nervous Diseases on September 23, 1938, and again on September 27, 1938, contending that § 3913 of Pope's Digest, same being a part of Initiated Act No. 3 of 1936, Acts 1937, p. 1384, is mandatory and that under its mandate the circuit court was required to commit him to that institution for examination upon his request for such action on the part of the court and in support of the contention relies upon the following part of § 3913 of Pope's Digest, to-wit: ''Whenever a prosecution for any crime has been instituted in the circuit court by indictment or information, and the defense of insanity at the time of the trial or at the time of the commission of the offense has been raised on behalf of the defendant, and becomes an issue in the case, *or the circuit judge has reason to believe that the defense of insanity will be raised on behalf of the defendant and will become an issue in the cause, or shall* be of the opinion that there are reasonable grounds to believe that the defendant was insane at the time of the alleged commission of the offense with which he is charged, or has become insane since the alleged commission of such offense, *the judge shall postpone* all other proceedings in the cause and *shall* forthwith commit the defendant to the Arkansas State Hospital for Nervous Diseases, where defendant *shall* remain under observation for such time as the court *shall* direct, not exceeding one month. . . .''

In the main, the section of the digest relied upon is mandatory but before a defendant, appellant in this instance, could invoke the mandate, he should bring himself within the provisions of the section. It will be observed that said section of the digest requires that a defendant be committed to the State Hospital for Nervous Diseases for an examination as to his sanity or insanity when the defense of sanity is raised on behalf of the defendant and becomes an issue in the case or when the circuit judge has reason to believe that the defense of insanity will be raised on behalf of defendant and will become an issue in the cause or that the court has reason-

able grounds to believe that a defendant was insane at the time of the alleged commission of the offense with which he is charged or has become insane since the alleged commission of the offense. The record in the instant case does not show that appellant pleaded insanity as a defense nor that such defense would be pleaded or raised in behalf of appellant nor that insanity would become an issue in the cause. The record reflects that the first motion made was to commit appellant to the State Hospital for Nervous Diseases for examination without stating that such defense would be raised or without a plea of insanity, and the second motion filed in writing on the 27th of September does not suggest that appellant was insane at the time he committed the crime or afterwards, but asked that he be committed on the ground that appellant's sister some two or three years prior to that time had been charged with murder and was acquitted on a trial therefor. The section relied upon by appellant requires a circuit judge to commit appellant for examination to the State Hospital for Nervous Diseases not on the mere suggestion of insanity, but in case he notifies the court that he intends to plead insanity as a defense or in case he actually interposes insanity as a defense. If the proper construction of the section permitted the defendant at the time of the trial upon request only to be committed to the State Hospital for Nervous Diseases for examination without informing the court that he intended to plead insanity or without pleading insanity as a defense any defendant might make a suggestion that he be sent for that purpose at great expense to the state or to gain time which might work a continuance of his case. The purpose of the statute was to furnish a means for the examination of one who should give notice to the court in apt time that he intended to plead insanity or who actually pleaded insanity or in case the court had reasonable information from some source that a defendant was insane either at the time he committed the crime or had become insane since that time.

We do not think appellant brought himself within the provisions of the act relied upon. A mere suggestion of insanity is not sufficient under the terms of the statute

to require the court to commit a defendant to the State Hospital for Nervous Diseases for examination as to his sanity or insanity.

No error appearing, the judgment is affirmed.

McHANEY, J., dissents.