BRAY *v.* STATE.

4114                                            125 S. W. 2d 478

Opinion delivered February 27, 1939.

*S. A. Kelley* and *W. M. Thompson,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HUMPHREYS, J. Information was filed on October 1, 1938, by the prosecuting attorney of the 16th judicial circuit in the clerk's office at Hardy, in the northern district of Sharp county, charging appellant with the crime of assault with intent to kill Witten Stewart on the 29th day of September, 1938, about eight o'clock at night by shooting him with a pistol at a gin in the town of Cave City in the southern district of Sharp county.

A short time after the shooting appellant was apprehended and lodged in the county jail of Independence county for safe keeping.

On October 3, 1938, the judge of the circuit court called an adjourned term of court to be held at Hardy on October 17 for the purpose of trying appellant and ordered the sheriff of Sharp county to notify appellant, who was in jail at Batesville, that he had fixed his bond at $15,000 and that he would be tried for the crime with which he was charged at said adjourned term of court. This, the sheriff did.

Appellant employed counsel who filed a motion with the clerk of said court interposing the defense of insanity of appellant at the time the offense was committed and presented the motion to the circuit court before appellant's case was called for trial, requesting that he be committed to the State Hospital for Nervous Diseases for observation and examination in accordance with the provisions of § 3913 of Pope's Digest for determining

his sanity or insanity. The motion filed by appellant omitting caption and signature is as follows:

"Comes the defendant, by his attorney, W. M. Thompson, and moves the court to commit the defendant, B. P. (Son) Bray, to the State Hospital for Nervous Diseases, for a period of observation and for reason states:

"That the said B. P. (Son) Bray, is charged with the offense of assault with intent to kill, such alleged to have been committed upon one Witten Stewart, on the —— day of September, 1938, and that at the time of the said alleged assault, the said B. P. (Son) Bray, was suffering from insanity, caused from chronic syphilis, aggravated by continuous intoxication over a long period of time. That on the date of said purported assault, he was laboring under such mental infirmity as to make it impossible for him to appreciate the gravity of the offense with which he is charged, and that it is proposed and intended by counsel for defendant to enter a plea of not guilty by reason of insanity as a defense to the charge now pending against said defendant, and that said defendant should be committed to the aforesaid State Hospital for Nervous Diseases for a period of observation, to determine whether or not said defendant was insane at the time of the commission of the offense with which he is charged, and whether or not he is insane at this time.

"Wherefore, defendant prays that he be committed to the Arkansas State Hospital for Nervous Diseases for such period of observation as the court may determine would be a reasonable time in which to determine the sanity or insanity of defendant, both at the time of the commission of the alleged offense, and whether he is sane or insane at this time."

The motion was overruled over appellant's objection and exception, whereupon, appellant filed a motion in due form for a continuance, which was also overruled over his objection and exception.

The cause was tried to a jury resulting in a verdict of guilty and fixing his term of service in the penitentiary at one year.

A motion for a new trial was filed after the verdict of guilty was returned which was set down for hearing on November 12, 1938, and during the pendency thereof the court ordered that appellant be committed to the State Hospital for Nervous Diseases for observation and examination as to his sanity or insanity.

The officials of the State Hospital for Nervous Diseases filed a report on November 12, 1938, to the effect that appellant was not insane, whereupon, the court overruled appellant's motion for a new trial over appellant's objection and exception and proceeded to and did sentence him for one year in the state penitentiary in accordance with the verdict.

From the judgment of conviction appellant has duly prosecuted an appeal to this court.

Appellant insists that the court committed reversible error in overruling appellant's motion to commit him to the State Hospital for Nervous Diseases as provided by § 3913 of Pope's Digest, the pertinent part of which is as follows:

"Whenever a prosecution for any crime has been instituted in the circuit court by indictment or information and the defense of insanity at the time of the trial, or at the time of the commission of the offense has been raised on behalf of the defendant and becomes an issue in the cause, or the circuit judge has reason to believe that the defense of insanity will be raised on behalf of the defendant and will become an issue in the cause, or shall be of the opinion that there are reasonable grounds to believe that the defendant was insane at the time of the alleged commission of the offense with which he is charged, or has become insane since the alleged commission of such offense, the judge shall postpone all other proceedings in the cause and shall forthwith commit the defendant to the Arkansas State Hospital for Nervous Diseases, where the defendant shall remain under ob-

servation for such time as the court shall direct, not exceeding one month.''

The question of whether the trial court committed reversible error depends upon whether § 3913 of Pope's Digest, the applicable part thereof being quoted above, is mandatory or merely directory and, if mandatory, whether appellant brought himself within the provisions of the statute entitling him to be admitted before or during the trial to the State Hospital for Nervous Diseases for examination as to his sanity or insanity.

This court in the recent case of *Whittington* v. *State, ante* p. 571, 124 S. W. 2d 8, decided that the statute in the main was mandatory provided a defendant should bring himself within the terms of the statute. In the Whittington Case this court ruled that the defendant, Whittington, did not bring himself within the provisions of the statute.

In the Whittington Case, this court stated that the section of the digest referred to ''requires that a defendant be committed to the State Hospital for Nervous Diseases for an examination as to his sanity or insanity when the defense of insanity is raised on the behalf of the defendant and becomes an issue in the case or when the circuit judge has reason to believe that the defense of insanity will be raised on behalf of the defendant and will become an issue in the cause or that the court has reasonable grounds to believe that a defendant was insane at the time of the alleged commission of the offense with which he is charged or has become insane since the alleged commission of the offense.'' In that case the court further said that ''a mere suggestion of insanity is not sufficient under the terms of the statute to require the court to commit the defendant to the State Hospital for Nervous Diseases for examination as to his sanity or insanity.''

In the Whittington case, Whittington did nothing more than to make a mere suggestion that he was insane, whereas in the instant case appellant not only served notice upon the court that he intended to plead insanity and in fact did plead insanity, and there was much evidence

in the record tending to show that appellant was insane at the time of the commission of the offense.

Under appellant's notice that he would plead insanity in the case and the entry of such a plea by him entitled him to. be committed to the State Hospital for Nervous Diseases before the trial of his case because such is the mandate of the law. Had the statute been merely directory it would be otherwise. The court had no discretion about the matter after appellant in the instant case brought himself within the provisions of the statute.

On account of the error indicated, the judgment is reversed and the cause is remanded for a new trial.

SMITH, J., dissents.