LAMBERT *v.* STATE.

4508                                                    211 S. W. 2d 431

Opinion delivered May 31, 1948.

*F. B. Clement* and *Byron Goodson,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. Appellant was charged by information with having feloniously brought into Sevier County an automobile, knowing it had been recently stolen. The jury found him guilty and fixed punishment at five years in prison. From judgment on the verdict appellant alleges numerous errors.

It is necessary to deal with but one assignment: the Court should have granted the defendant's motion that he be committed to State Hospital for observation, notice having been given that a plea of not guilty by reason of insanity would be made. The motion was filed February 16—a day before trial—and argued.

Initiated Act No. 3, §§ 11, 12, and 13, Pope's·Digest, §§ 3913, 3914, and 3915, came to the Court's attention in *Whittington* v. *State,* 197 Ark. 571, 124 S. W. 2d 8; *Bray* v. *State,* 197 Ark. 913, 125 S. W. 2d 478; *Korsak* v. *State,* 202 Ark. 921, 154 S. W. 2d 348; *Gaines* v. *State,* 208 Ark. 293, 186 S. W. 2d 154. There are discussions in other cases. See "Preliminary Determination of Sanity," 142 ALR 956, annotation at p. 961.

The inquiry here goes only to the question whether the trial court had discretion to hear testimony and thereafter overrule the motion for commitment to the Hospital. Three members of this Court think effect of our cases is that applicable sections of the Initiated Act are mandatory, and that if the motion is made before or at the time of arraignment, the order of commitment must be made, and the case continued. Their views are that the Act is not susceptible of a construction which would allow the Court any discretion. Another Judge thinks that, although the trial Court had some discretion, yet where (as here) preliminary proof develops testimony that the defendant is a psychopathic personality, and that this seemingly induced the Court to submit an instruction on insanity, denial of the motion to commit was erroneous.

Result is that the judgment must be reversed. The cause is remanded for a new trial.

The Chief Justice and Mr. Justice Frank G. Smith think effect of the majority opinion is to permit the defendant in any criminal case to procure a continuance by the simple device of waiting until the time of arraignment and then pleading insanity. It is their view that a broader construction should be given, requiring (except in extraordinary cases where delay was unavoidable) reasonable notice of an intent to make the plea.