**UVALDE ROCK ASPHALT CO. v. CARTLEDGE.**

**No. 11253.**

Court of Civil Appeals of Texas. Galveston.

July 17, 1941.

Rehearing Denied Oct. 2, 1941.

Andrews, Kelley, Kurth & Cambell, J. L. Lockett, Jr., and John E. Cook, all of Houston, for appellant.

Harry B. Sims, of Houston, for appellee.

GRAVES, Justice.

Appellant sued the appellee in the court below for $357.50, plus accrued interest and attorney's fees, claimed by it to be due by her to it for paving work it had done for her on a street abutting her property in the City of Houston; declaring that the obligation arose out of a written contract executed between the parties, whereunder it was to construct the paving and she was to pay therefor at the rate of $6.50 per front foot of her 55 feet of abutting property, further alleging full performance on its part, but that she had repudiated her undertaking to so pay.

The trial was had before the court without a jury, at the conclusion of which, both parties having moved for judgment, the court entered its decree in favor of the appellee and denying appellant any recov-

ery at all. At appellant's request findings of fact and conclusions of law were filed in support of that action, those deemed most material here being, in substance, as follows:

"Findings of Fact.

"On October 1, 1929, appellant entered into a written contract with appellee whereby appellant undertook to improve and pave the street or roadway adjoining appellee's property in Windermere Addition to the City of Houston. It was agreed that the work to be done by appellant was to be performed under the terms of and according to the specifications provided in a certain contract dated September 14, 1929, between appellant and M. C. Fantham and E. C. Fantham, such performance to be evidenced by the acceptance of one T. C. Edminster, an engineer. In consideration of the premises, appellee promised to pay to appellant $6.50 per front foot of appellee's property, which was shown to include 55 front feet. The contract further provided that the principal amount should be payable as follows:

" 'All in cash upon demand at any time after the date of the completion of such improvements in front of said premises and the acceptance thereof by T. C. Edminster, Engineer, or, at the option of the undersigned, in five (5) equal installments, each becoming due and payable from and after the date of acceptance by the said T. C. Edminster, Engineer, the first in thirty (30) days, the second in one (1) year, the third in two (2) years, the fourth in three (3) years, and the fifth in four (4) years, and the entire principal amount remaining unpaid shall bear interest at the rate of seven per cent (7%) per annum from the date of said acceptance until paid, payable in full with each of said installments; but, at the option of the undersigned, or any owner of said premises, said entire amount, or any of said installments, may be paid at any time before maturity upon payment of the principal and all interest accrued to the date of such payment.'

" 'In the event of any default in the payment of any installment of said principal or interest, then, at the option of the holder of this obligation, the whole amount remaining unpaid shall at once become due and payable; and I, or we, or either of us, do further also agree in such event to pay costs and reasonable attorney's fees, if incurred for the purpose of collecting said amount.'

"In order to secure appellant in the payment of the sums provided in the contract, said contract gave to appellant a mechanic's, builders, and materialmen's lien on the property, further evidenced by a deed of trust providing for accelerated maturity at the option of appellant, and providing for power of sale and for sale by the trustee. The paving improvements as contemplated by the contract were completed by appellant according to the plans and specifications, and the work was accepted by T. C. Edminster, Engineer, on January 28, 1930. During the period from October 9, 1935, to January 10, 1938, appellant wrote appellee a number of letters demanding payment, but received no favorable response, and on January 27, 1938, this suit was filed.

"The defendant testified, and I so find as a fact, that she never denied liability pursuant to the terms of the written instrument mentioned in findings of fact, Nos. 1, 2, 3, and 4; that she never advised plaintiff that she did not expect to pay the indebtedness created by said instrument; that she never advised plaintiff that she did not expect to avail herself of the installment provisions of said instrument; and that she never advised plaintiff that she would not pay the indebtedness, either in cash on demand or in installments. That defendant made no statements either verbally or in writing to the plaintiff."

"Conclusions of Law.

"(a) The entire debt provided for in the contract sued upon became due and payable within thirty days after the completion of the paving work and the sending of an invoice to the defendant for the entire amount due and payable under the contract. Such invoice constituting a demand upon the defendant to pay the entire amount due unless she elected and desired to pay it in five installments, and the defendant having made no election either directly, expressly, indirectly or impliedly to pay the amount due under the contract in installments; and

"(b) Because the plaintiff herein does not seek to foreclose any lien in this court, therefore, Article 5520 of the Revised Civil Statutes, 1925, as amended [Vernon's Ann. Civ.St. art. 5520] is not applicable to this suit, since said Article is applicable only in an action to foreclose deed of trust or mortgage lien on real estate, over which this court has no jurisdiction; and

"(c) Because this court in this cause has no jurisdiction to find and determine the

existence or not of a lien for the purpose of determining the applicability of Article 5520 of the Revised Civil Statutes, 1925, as amended, in plaintiff's asserted cause of action; and

"(d) Because under the terms of the contract mentioned in the foregoing findings of fact the indebtedness sued on herein became due and payable on the date of the acceptance of said paving work aforementioned, and the sending of the invoice for the full amount due therefor to the defendant; and

"(e) Because limitation then and there, to-wit: on or about Feb. 28th, 1930, began to run unless plaintiff proved an election by defendant to have the indebtedness become due and payable in installments; and

"(f) Because it is the burden of the plaintiff to prove by competent and proper evidence that defendant had elected to have the indebtedness mature and become payable in installments, and this election must be shown by proof of acts which would constitute a direct or indirect election of the defendant to make such installment payments. Failure to pay all in cash as demanded in the invoice sent to the defendant did not constitute an election to pay in installments as provided in the contract; and

"(g) Because on the date of the institution of plaintiff's suit all amounts provided to be paid were barred by limitation under Articles 5527 and 5529 of the Revised Civil Statutes of 1925, as amended, all of the indebtedness having become due and payable more than four years theretofore and the defendant having pled the four year statute of limitation, the plaintiff is not entitled to recover herein."

It thus appears that the sole basis for the judgment rendered was the court's holding, as in the several different forms expressed under quoted conclusions (a) to (g), inclusive, that the claim was barred by the 4-year statutes of limitation, Vernon's Annotated Civil Statutes, Arts. 5527 and 5529.

■■■ In that holding, it is determined, the learned trial court erred; this mainly because the uncontradicted evidence, as well as the unchallenged fact-findings themselves, show that appellant fully proved all the elements of a cause of action for breach of contract creating a lien upon real estate and providing for the payment of money in installments, and that it instituted this suit thereon within 4 years from the maturity of the last debt-installment therein called for, seeking recovery upon the debt alone and not a foreclosure of the described lien. From such factual basis these legal consequences are held to have followed: (1) the recited failure of the appellee to pay the full amount of the obligation upon the specified date therefor constituted a tacit election upon her part to take advantage of the installment privilege thereby made applicable to her; (2) hence limitation upon her obligation as a whole did not commence running until the maturity of the last agreed-upon installment; (3) it was not necessary for the appellee as such obligor to make an express election at the time of the completion of the paving and its acceptance by the designated engineer of her intention to take advantage of such installment payments, in order for that right to have accrued to her; (4) the fact that appellant brought this suit against appellee for a money judgment on the debt alone resulting from that contract, and did not seek a foreclosure against her of the lien therein also provided for against the land, did not render cited Article 5520 inapplicable; (5) that statute, by its terms, plainly seems to apply to all contracts creating liens upon real estate and providing for the underlying debts to be paid in installments, irrespective of the fact that the suit brought thereon does not seek foreclosure of the lien; (6) the court of the suit, the county court at law, clearly had jurisdiction, not only to apply such Article 5520 to the facts of this case, but to try it and render judgment for the debt involved, without foreclosure of the specified lien, even though the contract out of which such debt arose did also create the lien upon the land.

Only brief comment under these conclusions will be made. The first of them, in principle, at least, and upon a very similar state of facts, seems to have been applied in Mercantile Nat. Bank v. Chanowsky, 89 S.W.2d 1068, 1070, by the Waco Court of Civil Appeals, where the appellee pled limitation against the suit of appellant, contending, substantially, that it had the burden of showing an election upon the appellee's part to pay the paving assessments in installments, and that, having failed to do so, limitation began running on the date the original cash payment had

become due; the court rejected the appellee's contention and held the action not to have been barred by the statute of limitation, saying in final sum this:

"On the contrary we think appellee's failure to pay the amount of said certificate on said day, absent affirmative action on his part, constituted a tacit election to have the benefit of the ameliorated alternative provision for maturity in installments."

■ As referable to the situation here presented, the gist of Article 5520, cited supra, appears to be that where a contract is executed in creation of an obligation maturing in installments and secured by lien upon real estate, limitation is not to begin running until the maturity of the last installment; at any rate, the Beaumont Court of Civil Appeals, in Slattery v. Uvalde Rock Asphalt Company, 140 S.W.2d 987, 990, likewise upon an analogous state of facts, applied that statute to a paving contract very similar to the one here involved, especially in that the obligation there also was expressly made payable in installments; that court, in overruling the same kind of limitation plea as was here involved, did so in this language:

"* * * Article 5520, Vernon's Ann. Civ.St., provides 'that where a series of notes may be given or any note may be made payable in installments, or if any other instrument is executed which creates an obligation on the Vendee or Grantee of real estate to pay for the same in installments or partial payments, limitation shall not begin to run until the maturity date of said last note or installment.' Under this article, as construed by Shepherd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581, and Hutton v. Harwell, Tex. Civ.App., 95 S.W.2d 467, the past due installments on the contract lien were not barred at the time the first amended original petition was filed."

Had this statute been intended to apply only to suits to foreclose a lien on land, it would have been the simplest of recitations to have so provided; indeed, it becomes difficult to see how, in such a contract, the added provision for a lien could be regarded as an inseparable element of the debt for or the obligation to pay the money, the extinguishment of which necessarily annihilated the debt too, rather than a mere added privilege to the payee of the note, running against the land so long as the latter chose to or could enforce it.

As this court construes it, the Dallas court, in Kuykendall v. Taylor, Tex.Civ. App., 89 S.W.2d 297, so applied Article 5520, where a vendor's lien note had been released, the court holding that under the provisions of that statute the note had not been barred by limitation, notwithstanding the release of the lien.

■ As affects the jurisdiction of the county court at law, it has long been the holding that such a court has jurisdiction of a suit on a note or contract where no foreclosure is sought, although such obligation also carried a lien upon real estate. Carter v. Gray, 125 Tex. 219, 81 S.W.2d 647.

Wherefore, if the trial court had jurisdiction to entertain this proceeding at all, and if limitation did not begin running until the maturity of the last installment of the debt, by virtue of Article 5520, it follows that it likewise had authority to maintain that jurisdiction and to apply the full statutory provisions to the controversy so before it.

As is apparent from the respective records, this cause is a companion one to Uvalde Rock Asphalt Company v. Gardner et ux., 153 S.W.2d 604, decided here June 26, 1941.

■ The sole difference in the facts between the two is that the Gardners, after their total indebtedness had become due, in small dribbles at various dates during the years 1930 to 1933, inclusive, made a total of $111.52 in payments thereon, no one of which was equal to any installment due at any time; whereas, this appellee never at any time made any payment at all. This is thought to merely constitute a factual divergence in a non-controlling detail, especially so in view of the trial court's specific finding that this appellee never by overt act or statement either denied her liability on the contract sued upon, or repudiated her obligation thereunder.

Wherefore, it is concluded that the opinion in the Gardner case rules this one also.

These conclusions require a reversal of the trial court's action, and that judgment be here rendered that appellant recover from the appellee the full amount due under the contract declared upon, together with interest, costs, and attorney's fees, as substantially declared upon in its petition and as found by the court below in its findings; it will be so ordered.

Reversed and rendered.