**Max GOLDFIELD et ux., Appellants,**

v.

**Dorothy KASSOFF, Appellee.**

**No. 516.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 4, 1971.

John Segelquist, Houston, for appellants.

Ben Blum, Joseph Lipper, Bailey, Blum & Lipper, Houston, for appellee.

SAM D. JOHNSON, Justice.

Summary Judgment case.

Dorothy Kassoff, the plaintiff in the trial court, brought suit on a promissory note against Max Goldfield and wife, Marillyn P. Goldfield. The plaintiff's motion for summary judgment was granted by the trial court which thereafter entered judgment thereon. Max Goldfield and wife, the defendants, perfect appeal to this Court.

The record before the Court on which the summary judgment was granted reflects as follows: Dorothy Kassoff who was Marillyn Goldfield's aunt, at some time prior to March, 1958, invested funds in the defendant Max Goldfield's business. On September 30, 1958, Max Goldfield was adjudicated a bankrupt and was granted a discharge which barred any liability to Dorothy Kassoff. The Goldfields made some payments to Dorothy Kassoff subsequent to the discharge in bankruptcy, however. On November 7, 1960, the Goldfields executed and delivered their promissory note in the principal sum of $10,481.00 to Dorothy Kassoff, the principal amount

of which represented Dorothy Kassoff's investment in Goldfield's business which was discharged in the bankruptcy proceeding. The note recited interest at 8% per annum, was payable both principal and interest in weekly installments of $15.00 each, and provided for an additional 10% as attorney fees in the event the note be placed in the hands of an attorney for collection. After the execution of the note, the Goldfields paid weekly installments to Dorothy Kassoff at somewhat irregular intervals for several years ultimately terminating such payments prior to June 1, 1967.

On September 30, 1969, Dorothy Kassoff filed suit seeking recovery on the note, interest and attorney's fees. The defendants filed a sworn answer alleging among other things that plaintiff's cause of action or some part thereof was barred by limitation. The trial court granted plaintiff's motion for summary judgment and judgment was entered for principal and interest in the amount of $10,567.80, plus attorney's fees in the sum of $1,056.78.

Summary judgment shall be rendered under rule 166A Texas Rules of Civil Procedure only if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41 (Tex.—1965). It is the defendants' position that the trial court erred in granting the instant motion for summary judgment because material issues of fact exist.

■ The defendants contend that there was a fact issue as to whether the asserted cause of action or some part thereof was barred by the four year statute of limitations. Tex.Rev.Civ.Stat. 5527. Demand on the note was made by the filing of the instant suit on September 30, 1969, therefore any unpaid installments which had accrued more than four years previously, that is before September 30, 1965, stand as barred by the statute. When recovery is sought on a note or other obligation payable in installments the statute of limitations runs against each installment from the time it becomes due; that is, from the time when action might be brought to recover it. 37 Tex.Jur.2nd Limitation of Actions, Sec. 86; Smith v. Nesbitt, 111 Tex. 186, 230 S.W. 976; Universal Life & Accident Ins. Co. v. Shaw, 139 Tex. 434, 163 S.W.2d 376 (1942); Parker v. Rolls, 338 S.W.2d 523 (Tex.Civ.App.—Austin 1960, no writ); McMurrey v. Lampkins, 47 S.W.2d 851 (Tex.Civ.App.—Beaumont 1932, no writ).

In the affidavit of Dorothy Kassoff made in support of her motion for summary judgment it is recited that the balance due on the note at the time of filing suit was $8,171.00. The affidavit contains no support for this figure, however. In the deposition testimony of the defendant Max Goldfield it appears that he made the payments in the sum of $15.00 per week with some regularity but that he failed to make a number of installment payments during the years 1962, 1963, 1964 and 1965. It is clear from this same deposition that the total amount paid by Max Goldfield was $2,297.00. This sum, when subtracted from the face amount of the note, leaves the balance which was claimed to be due in plaintiff's petition, that is $8,171. The actual amount due up to September 30, 1965 under a schedule of payments of $15.00 per week totals over $3,700.00 however. The foregoing makes it quite apparent that a substantial number of installments were unpaid and barred by the statute of limitations. They have nevertheless been included in the amount of the judgment.

■ While it is apparent from what has been stated and from the note in issue that a substantial number of installments were barred, it is altogether uncertain which installments were unpaid, their number or their total sum. These matters lie hidden in conjecture and may not be determined from the summary judgment evidence available in this record. An issue of fact must be held to exist as to the application

of the statute of limitations to some part of Dorothy Kassoff's claim.

We must, therefore, conclude that the trial court erred in granting plaintiff's motion for summary judgment. In view of this determination we do not pass upon appellant's remaining points of error.

The judgment of the trial court is reversed and the cause is remanded.