**TOWNEWEST HOMEOWNERS ASSOCIATION, INC. and Wingate Homeowners Association, Inc., Appellants,**

v.

**WARNER COMMUNICATION INC. and Houston Cable TV, Inc., Appellees.**

No. C14–91–00438–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1992.

Rehearing Denied April 2, 1992.

Cheryle R. Johnston, Houston, for appellants.

Ronald G. Wiesenthal, Alvin L. Zimmerman, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ., concur.

## OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment denying Townewest Homeowners Association, Inc. (Townewest) and Wingate Homeowners Association, Inc. (Wingate) a cause of action for breach of contract. Appellants contend that the trial court erred as a matter of law in holding that the contract claim was barred by limitations and finding that no fact issue existed which would preclude summary judgment. We reverse.

In 1979 the predecessor of each appellant entered into contracts with the predecessor of the appellees allowing the latter the right to install cable TV equipment in the appellants' subdivisions. In exchange, the appellees agreed to pay the appellants a percentage of the gross receipts from each subdivision. Payments were to be made on a quarterly basis and, in regard to the contracts acquired by Wingate, the term was for 30 years. Then in March 1986, appellees sent a letter informing the appellants of their intention to discontinue pay-

ments because of "Public Law 9021." Appellants filed their lawsuit against appellees on December 7, 1990 alleging breach of contract. Subsequently, the trial court granted appellees' motion for summary judgment which stated that the cause of action was barred by limitations.

In their first point of error, appellants contend that the trial court erred as a matter of law in holding that their contract claim was barred by limitations.

It is well settled that summary judgment is proper if the moving party establishes there are no genuine material issues of fact which would require a trial on the merits, and if the moving party is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546 (Tex.1985). *See also*, TEX. R.CIV.P. 166a(c). In evaluating whether the movant met its burden, this court must assume the proof favoring appellants' position is true and resolve all doubts in their favor. *Wilcox v. St. Mary's University of San Antonio Inc.*, 531 S.W.2d 589 (Tex. 1975).

When a defendant seeks to bar prosecution of a cause of action based on the running of limitations, he must conclusively prove all essential elements of that affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Since appellees are asserting limitations as a defense, they must prove when appellants cause of action accrued in order to sustain the plea of limitations. *Intermedics, Inc. v. Grady*, 683 S.W.2d 842 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

The appellees argue that the letters in March of 1986 gave appellants notice of the breach of contract and since appellants failed to file a lawsuit within the four years allowed by law, any cause of action concerning the contracts is barred. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986). In other words, not only the payments that have become due and payable are barred, but also any future payments that would have accrued under the contracts. In oral argument appellees asserted for the first time that their letters

announcing their intent to make no further payments under the contracts constituted an anticipatory breach of the contracts triggering the beginning of the running of the statute of the limitations.

First, this was not an anticipatory breach. An anticipatory breach of contract occurs prior to the time of performance and must be accepted or acted on by the other party. *Kilgore v. Northwest Texas Baptist Educational Society,* 90 Tex. 139, 37 S.W. 598 (1896). The renunciation of the contract merely gives the innocent party to the contract the option to also consider the agreement to be at an end and to then act accordingly. Here the breach of the contracts occurred after appellants had complied with the terms for several years. Further, appellants did not accept appellees repudiation of the contracts.

Second, a breach of contract occurs when a party fails or refuses to do something he has promised to do. *Intermedics, Inc. v. Grady,* 683 S.W.2d 842 (Tex.Civ.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). In the present contracts, appellees promised to pay appellants, on a quarterly basis, three percent of the gross receipts for basic subscriber and premium service from each respective subdivision less appropriate cost. When the terms of an agreement call for periodic payments during the course of the contract, a cause of action for such payments may arise at the end of each period before the contract is complete. *Id.* at 845; *Goldfield v. Kassoff,* 470 S.W.2d 216 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). Therefore, every time appellees failed to make their quarterly payments, as promised under the contract, the limitation period would begin to run as to those particular payments because they were due and payable. *Id. See e.g., Universal Life & Accident Ins. Co. v. Shaw,* 139 Tex. 434, 163 S.W.2d 376 (1942); *Speedee Mart Inc. v. Stovall,* 664 S.W.2d 174 (Tex.App.—Amarillo 1983, no writ). We hold that appellants at least have a cause of action for any payments that have accrued no more than 4 years before the filing of this lawsuit. And, in regard to future payments that become due and pay-

able, the appellants will again have the right to sue if the appellees continue to dishonor their obligation. Appellants' first point of error is sustained.

In their second point of error, appellants contend the trial court "erred in finding that no fact issues on estoppel exist which would preclude summary judgment." Appellants argue there is an existing fact issue on whether they were induced by the letters from appellees to not file suit within the applicable limitations period. We decline to address this issue because, having already found the summary judgment was erroneously granted, it is unnecessary to our decision and our discussion thereof would be obiter dicta.

The judgment is reversed and the cause is remanded.