TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00807-CV






Rafael Romero, Appellant



v.



James Reed, David Fossmeyer, and Nancy Fossmeyer, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 99-06266, HONORABLE JERRY A. DELLANA, JUDGE PRESIDING 







 Appellant Rafael Romero filed suit in district court seeking a declaratory judgment
that appellees Nancy Fossmeyer, David Fossmeyer, and James Reed (collectively "the Fossmeyers")
were barred by the statute of limitations from foreclosing a real estate lien on Romero's homestead. 
The district court found that (1) the applicable statute of limitations (1) did not bar the foreclosure of
the lien, (2) the Fossmeyers had a valid lien, (3) they were entitled to attorney's fees, and (4) Romero
could not recover any amounts he paid to the Fossmeyers. In four issues on appeal, Romero
complains that the district court erred in its conclusions of law. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 Nancy and David Fossmeyer purchased a house in Austin in January 1987. In
October 1991, they sold the house to Bonner and Diana Galloway. When the Galloways purchased
the house from the Fossmeyers, they assumed the remaining balance on the Fossmeyers' mortgage
on the property. The Galloways executed a deed of trust to secure assumption in favor of the
Fossmeyers, which was properly filed in the real property records of Travis County.

 During the time the Galloways owned the property, they were frequently late on the
mortgage payments to the lender and incurred substantial late fees. The Fossmeyers and the
Galloways worked out a verbal agreement whereby the Fossmeyers would make the payments to the
lender and the Galloways would reimburse them. After each payment the Fossmeyers made, they
would send the Galloways a demand for repayment. On occasion, the Fossmeyers would allow
Galloway to work off portions of the debt. Despite these frequent demands, the Galloways failed
to reimburse the Fossmeyers for all of the advancements leaving a principal sum of $7,223.58, which
the Galloways owed to the Fossmeyers. In the summer of 1995, the Fossmeyers had reason to
believe that the Galloways would no longer be making payments to him because Mrs. Galloway had
lost her job. The Fossmeyers made three more advancements after June 1, 1995, each in the amount
of $677.69, with the last one being made on August 7, 1995. On July 25, 1995, the Fossmeyers filed
a proper affidavit of advancement in the Travis County records. (2) 


 On December 9, 1998, without notifying the Fossmeyers, the Galloways sold their
home to Rafael Romero. The Fossmeyers did not learn of the sale until the following month. David
Fossmeyer contacted the closing agent to ask why he had not been notified of the closing because
he still maintained a financial interest in the house. Because he was unable to collect any of the
money owed to him by the Galloways, Fossmeyer began a non-judicial foreclosure proceeding under
the terms of the deed of trust to secure assumption.

 The foreclosure sale was scheduled for June of 1999. Romero obtained a temporary
restraining order to stop the foreclosure. Romero entered into a stipulation with the Fossmeyers that
Romero would not assert a statute of limitations defense to any advancements made after June 1,
1995 because the suit for the temporary restraining order was filed June 1, 1999, within a four-year
limitations period. Romero then requested a temporary injunction to halt the foreclosure, which the
court denied. Romero, therefore, made an unconditional payment of $6764 to the Fossmeyers for
the money that was advanced after June 1, 1995, because it was within the four-year period, plus
interest accrued thereon and attorney's fees. In order to stop the foreclosure, Romero tendered, under
protest, $8,866.23, the amount of the advancements made before June 1, 1995. This amount
included the mortgage payments, interest, and attorney's fees.

 The declaratory judgment Romero filed in district court sought a judicial declaration
that the payment Romero made under protest was barred by the statute of limitations and that
Romero was entitled to recover the amount paid. The district court found that Romero took title to
the property with notice, whether actual or constructive, of the Fossmeyers' claim. The district court
further found that the advancements the Fossmeyers made were a series of obligations within the
meaning of section 16.035 of the Texas Civil Practice and Remedies Code and that the four-year
limitations period did not begin to run against any advancement until August 7, 1995, the date of the
last advancement. See Tex. Civ. Prac. & Rem. Code Ann. § 16.035 (West Supp. 2001). In addition,
the court found that the Fossmeyers were entitled to foreclose on the property for unpaid
advancements, interest, attorney's fees, and costs. Finally, the court found that Romero was not
entitled to recover any payments made to the Fossmeyers.


DISCUSSION

Statute of Limitations

 Romero argues that the district court erred in concluding that the statute of limitations
did not (1) bar the Fossmeyers from foreclosing on the lien on Romero's house, which was secured
by a deed of trust to secure assumption, and (2) bar the debt that was secured under the provisions
of the deed of trust. Section 16.035 of the Texas Civil Practice and Remedies Code states in part:



 
 A person must bring suit for the recovery of real property under a real property
lien or the foreclosure of a real property lien not later than four years after the
day the cause of action accrues.

 A sale of real property under a power of sale in a mortgage or deed of trust that
creates a real property lien must be made not later than four years after the day
the cause of action accrues.



 . . . .



 If a series of notes or obligations or a note or obligation payable in installments
is secured by a real property lien, the four-year limitations period does not begin
to run until the maturity date of the last note, obligation, or installment. 




Id.


 In a suit for recovery of real property under a real property lien, the cause of action
accrues when the obligation matures under the terms of the instrument. Id. § 16.035(e); Holy Cross
Church v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001). If a note or deed of trust secured by real property
contains an optional acceleration clause, default does not ipso facto start limitations running on the
note. Holy Cross Church, 44 S.W.3d at 566. Rather, the action accrues only when the holder
actually exercises its option to accelerate by providing (1) notice of intent to accelerate and (2) notice
of acceleration. Id. The notice given must be "clear and unequivocal." Id.

 Romero argues that the Fossmeyers' claim accrued in May 1995 when they demanded
payment for all the sums which they had previously advanced to the Galloways, and therefore, an
action brought after June 1, 1999 is barred by limitations. Romero reasons that under the deed of
trust to secure assumption, the Galloways was required to repay the Fossmeyers within five days all
sums which the Fossmeyers advanced. Romero contends that the net effect of these demands was
for payment to be made immediately and not be deferred to some later date. Romero argues that
each individual demand for repayment constituted an acceleration. Romero equates the monthly
demand for repayment to a notice of the Fossmeyers' intent to accelerate and notice of acceleration. 
See id. (holding that intent to accelerate maturity must be clear and unequivocal). However, nothing
in the demand notices that the Fossmeyers sent to the Galloways indicates that the Fossmeyers
intended to accelerate the maturity of the note. Furthermore, the deed of trust was not a series of
payments or obligations, but rather an obligation payable in installments. Because we believe that
each demand for repayment was not a notice of acceleration and that the deed of trust was an
obligation payable in installments, we do not agree with Romero that the limitations period began
to run when the Fossmeyers demanded repayment for all of the sums he had previously advanced
to the Galloways.

 The general rule is that a claim accrues and limitations begin to run on each
installment when the claim becomes due. Id. (citing Palmer v. Palmer, 831 S.W.2d 479, 481-82
(Tex. App.--Texarkana 1992, no writ)). However, section 16.035 modifies the general rule, making
the accrual of a cause of action based on a deed of trust secured by real property the date on which
the obligation matures or when the last installment or payment is due. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.035(e), Holy Cross Church, 44 S.W.3d at 566. The Fossmeyers made their last
payment on August 7, 1995; therefore, we conclude that, at the earliest, the Fossmeyers' cause of
action accrued on that date. (3) The Fossmeyers' cause of action is not barred by limitations.


Enforcement of the Lien

 Having concluded that the Fossmeyers' cause of action is not barred by limitations,
we next address whether the district court erred in concluding that "the debt which would otherwise
be barred by the statute of limitations could be lawfully secured under provisions of the deed of trust
to secure assumption." In conclusion of law number seven, the district court stated that "[p]ursuant
to the Deed of Trust to Secure Assumption, Defendants Fossmeyer are entitled to apply any payment
received first towards the satisfaction of advancements that cannot be lawfully secured by said
instrument, including any advancements that may otherwise be barred by limitations." Romero
contends that the Fossmeyers and the Galloways came to an oral agreement whereby the Fossmeyers
applied any repayments to the oldest debts and that this oral agreement was intended to toll the
limitations period. Romero further argues that under section 16.036 of the Civil Practice and
Remedies Code the parties to a debt secured by a real property lien can waive or extend the running
of the limitations period only through a written extension agreement. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.036. Because we have determined that the Fossmeyers' claim is not barred by
limitations, we do not have to reach the issue of whether the Fossmeyers and the Galloways had a
valid extension agreement.

 Secondly, Romero argues that because he was a bona fide purchaser for value and
without actual notice of any verbal agreement between the Fossmeyers and the Galloways waiving
or extending the limitations period, the agreement is not enforceable and the cause of action is barred
by limitations. See id. § 16.037. However, we have concluded that the Fossmeyers' claim is not
barred by the statute of limitations. Therefore, it is immaterial whether there was a verbal agreement
to waive the running of the limitations or whether Romero had actual or constructive notice of any
verbal agreement. Romero's first two issues on appeal are overruled.


Attorney's Fees

 Romero states in his brief that 


 [i]f the Court sustains Romero's position on issues 1 and 2, then it necessarily
follows that no further recovery of attorney's fees is proper since foreclosure is
barred under §16.035(b) of the Civil Practice and Remedies Code and no suit was
brought for the recovery of the debt within four years.


Having overruled Romero's first two issues on appeal and concluded that the Fossmeyers' cause of
action is not barred by section 16.035 of the Texas Civil Practice and Remedies Code, we overrule
Romero's third issue on appeal. See id. § 16.035.


Recovery of Payments Made

 In his last issue, Romero argues that the district court erred in concluding that he is
not entitled to recover any payments made to the Fossmeyers. Romero contends that the district
court's conclusion is erroneous because it determined that the advancements made prior to June 1,
1995 were not barred by limitations. We conclude that the district court was correct in its conclusion
of law and overrule Romero's final issue on appeal.


CONCLUSION

 Having determined that the Fossmeyers' claim is not barred by the statute of
limitations, we affirm the district court's judgment.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: July 26, 2001

Do Not Publish

1. See Tex. Civ. Prac. & Rem. Code Ann. § 16.035 (West Supp. 2001).
2. Pursuant to the terms in the deed of trust to secure assumption, the Fossmeyers could file
a sworn statement setting forth all advancements he had made to the Galloways. The deed of trust
states:



 If Grantor fails to perform any of Grantor's obligations under the note or
deed of trust assumed, Beneficiary may perform those obligations,
advanced funds required, and then be reimbursed by Grantor on demand for
any sums so advanced, including attorney's fees, plus interest on those
sums from the date of payment at the highest legal rate. The sum to be
reimbursed shall be secured by this deed of trust to secure assumption.

 Beneficiary may file a sworn notice of such advancement in the office of
the county clerk where the property is located. The notice shall detail the
dates, amounts, and purposes of the sums advanced and the legal
description of the property.




 If Grantor fails on demand to reimburse Beneficiary for the sums advanced,
and such failure continues after Beneficiary gives Grantor notice of the
failure and the time within which it must be cured, as may be required by
law or by written agreement, then Beneficiary may:


 


 
 Request Trustee to foreclose this lien, in which case Beneficiary or
Beneficiary's agent shall give notice of the foreclosure sale as
provided by the Texas Property Code as then amended; and

 purchase the property at any foreclosure sale by offering the highest
bid credited to the reimbursement of Beneficiary.
3. The record does not indicate when the underlying loan secured by the deed of trust to
secure assumption matured.


Roman">Attorney's Fees