NUMBER 13-01-038-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

MANUEL V. AGUERO , Appellant,


v.


JUAN M. AND SUSANA RAMIREZ , Appellees.

___________________________________________________________________


On appeal from the County Court at Law No. 1 

of Cameron County, Texas.

__________________________________________________________________



O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Manuel V. Aguero (Aguero), brings this appeal following the trial court's judgment in favor of appellees, Juan
M. and Susana Ramirez (Ramirez). By one issue, Aguero asks us to determine whether the four-year statute of limitations,
set out in section 16.035 of the Texas Civil Practice and Remedies Code, or the six-year statute of limitations, set out in
section 3.118 of the Texas Business and Commerce Code, applies in this case. Finding the six-year statute of limitations
applicable, we affirm.

In 1985, Aguero signed a document titled "Real Estate Lien Note" promising to pay $36,000.00, plus interest, to Ramirez. 
Under the terms of the note, Aguero was to pay $2,649.00 in semi-annual payments. The note was secured by a deed of
trust and a vendor's lien on real property. On December 30, 1994, Aguero defaulted in paying the note. On May 12, 1999,
Ramirez filed an original petition to enforce payment of unpaid principal and interest on the note. Following a bench trial,
the court entered judgment in favor of Ramirez. 

The trial court made findings of fact and conclusions of law, concluding the note was a negotiable instrument and that,
because Ramirez's petition only sought enforcement of the note, and not foreclosure on the real property securing the note,
the applicable statute of limitations was governed by section 3.118 of the Texas Business and Commerce Code. (1) Section
3.118(a) states "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced
within six years after the due date or dates stated in the note. . . ." Tex. Bus. & Com. Code Ann. § 3.118(a) (Vernon Supp.
2002).

The trial court's conclusions of law are not binding on this Court, and this Court is free to make its own legal conclusions. 
Muller v. Nelson, Sherrod & Carter, 563 S.W.2d 697, 701 (Tex. Civ. App.-Fort Worth 1978, no writ). We review the trial
court's conclusions of law de novo to determine their correctness. See State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996); City of
Beaumont v. Spivey, 1 S.W.3d 385, 389 (Tex. App.-Beaumont 1999, pet. denied). Conclusions of law will not be reversed
unless they are erroneous as a matter of law. Stable Energy, L.P. v. Newbury, 999 S.W.2d 538, 547 (Tex. App.-Austin
1999, pet. denied). If the trial court's conclusions are erroneous, the judgment will not be reversed if the controlling
findings of fact support a correct legal theory. See Mack v. Landry, 22 S.W.3d 524, 528 (Tex. App.-Houston [14th Dist.]
2000, no pet.).

In his sole issue, Aguero contends the trial court erred in applying a six-year statute of limitations. He argues that because
this was a real estate lien note secured by both a vendor's lien and a deed of trust, the applicable statute of limitations is four
years as set forth in section 16.035 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann.
§16.035(a) (Vernon 1986 & Supp. 2002). Section 16.035(a) states "[a] person must bring suit for the recovery of real
property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause
of action accrues." Id. Aguero claims the cause of action arose on December 30, 1994, the date the last payment became
due, and that, because the suit was filed on May 12, 1999, the four-year statute of limitations period had expired. (2) Aguero
argues that the real estate lien note is not separable from the vendor's lien and the deed of trust. He cites Palmer v. Palmer,
831 S.W.2d 479 (Tex. App.-Texarkana 1992, no writ), for the proposition that documents executed at approximately the
same time, as part of the same transaction, are to be interpreted as a single document. The Palmer court stated, "a lien is an
incident of, and is inseparable from, the debt." Id. at 482. In Palmer, the creditor sought to foreclose on a deed of trust and
an order for the sale of the property. See id. at 480. The makers of the note brought a declaratory judgment action seeking
a declaration that a portion of the installment payments on the promissory note were barred by limitations because they had
been overdue for more than four years. See id. In reliance on section 16.035 of the Texas Civil Practice and Remedies
Code, the court held that because the note was secured by real property, the limitations period did not begin to run until the
maturity date of the last payment and, therefore, no installment payments under the note were barred by limitations. See id.
at 481. By stating that a lien is inseparable from the debt, the court was rejecting the makers' argument that section 16.035
only applies to a suit to foreclose a lien and not to a suit on the underlying debt, such as their declaratory action. See id. 
Here, the barring by limitations of certain installment payments on the note is not in issue, therefore, Aguero's reliance on
Palmer is misplaced. 

Where there is a debt secured by a note, which is, in turn, secured by a lien, the note and lien constitute separate
obligations. Whittington v. Whittington, 853 S.W.2d 193, 195 (Tex. App.-Beaumont 1993, no writ); see Henson v. C.E.
Slaughter Co., 206 S.W. 375, 377 (Tex. Civ. App.-El Paso 1918, no writ) (debt was held to be time barred but real property
lien was foreclosed); Adams v. Harris, 190 S.W. 245, 246 (Tex. Civ. App.-Texarkana 1916, no writ) (debt was enforced
but action to foreclose liens was held to be time barred); compare Taylor v. Rigby, 574 S.W.2d 833, 839 (Tex. App.-Tyler
1978, writ ref'd) (court held where there is no note, but merely a debt secured by a lien, the lien is an incident of and
inseparable from the debt) (emphasis added) (citing University Sav. & Loan Ass'n. v. Security Lumber Co., 423 S.W.2d
287, 292 (Tex. 1967)). Ramirez's debt was secured by a note, which was, in turn, secured by a lien; therefore, the note and
the lien are separable. See Whittington, 853 S.W.2d at 195.

Aguero further contends the 1997 amendment to section 16.035 supports his claim that the four-year limitations period
should apply. Section 16.035 states "[t]he limitations period under this section is not affected by Section 3.118, Business &
Commerce Code." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(f) (Vernon Supp. 2002). He further relies on section
3.118(h) which states that "[t]his section does not apply to an action involving a real property lien covered by section
16.035 or 16.036, Civil Practice and Remedies Code." Tex. Bus. & Com. Code Ann. § 3.118(h) (Vernon Supp. 2002). 
Aguero points to the State Bar Committee Comment to section 3.118 which states that "because of their particular nature,
the statute of limitations provisions of sections 16.035 and 16.036 of the Texas Civil Practice and Remedies Code, relating
to actions with respect to debts secured by liens on real property . . . should be interpreted to control, in appropriate
circumstances, over the provisions of section 3.118." Tex. Bus. & Com. Code Ann. § 3.118 cmt. (Vernon Supp. 2002).

We agree the statutory provisions and the comment to section 3.118 limit the ability to sue to enforce a real estate lien or
foreclose on real property securing a lien. However, they do not prohibit Ramirez from seeking enforcement on the
promissory note.

If Ramirez was suing to enforce the lien, the deed of trust, or seeking to foreclose on the property used as security, the
four-year statute of limitations would apply. After the expiration of a four-year period, the right to sue to enforce the lien
and to foreclose on the property is lost. See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001). 
However, Ramirez is only suing to enforce payment on the promissory note. His suit is still actionable.

Section 3.118 of the business and commerce code by its terms applies to "an action to enforce the obligation of a party to
pay a note payable at a definite time," Tex. Bus. & Com. Code Ann. § 3.118(a) (Vernon Supp. 2002), while section 16.035
of the civil practice and remedies code by its terms applies to a suit "for the recovery of real property. . . ." Tex. Civ. Prac.
& Rem. Code Ann. § 16.035(a) (Vernon 1986 & Supp. 2002). Because Ramirez is not seeking to recover real property, but
is only seeking to enforce a negotiable promissory note, we find that the six-year limitation period applies to his suit. See
Tex. Bus. & Com. Code Ann. § 3.102(a) (Vernon Supp. 2002). Aguero's sole issue is overruled.

Accordingly, the trial court is affirmed. 

NELDA V. RODRIGUEZ

Justice



Publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 28th day of February, 2002.

 

1. A negotiable instrument is defined as a written instrument that (1) is signed by the maker or drawer, (2) includes an
unconditional promise to pay or order to pay a specified sum of money, (3) is payable on demand or at a definite time, and
(4) is payable to order or to bearer. Tex. Bus. & Com. Code Ann. § 3.104 (Vernon 1994 & Supp. 2002). The promissory
note used in this case satisfies these elements and is, therefore, negotiable.

2. Section 16.035 (e) states "[i]f a series of notes or obligations or a note or obligation payable in installments is secured by
a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation
or installment." Tex. Civ. Prac. & Rem Code Ann § 16.035(e) (Vernon 1986 & Supp. 2002).