**Manuel V. AGUERO, Appellant,**

v.

**Juan M. and Susana RAMIREZ, Appellees.**

No. 13–01–038–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 2002.

Barry R. Benton, Brownsville, TX, for Appellant.

Andrew K. Rozell, Harlingen, TX, for Appellees.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, Manuel V. Aguero (Aguero), brings this appeal following the trial court's judgment in favor of appellees, Juan M. and Susana Ramirez (Ramirez). By one issue, Aguero asks us to determine whether the four-year statute of limitations, set out in section 16.035 of the Texas Civil Practice and Remedies Code, or the six-year statute of limitations, set out in section 3.118 of the Texas Business and Commerce Code, applies in this case. Finding the six-year statute of limitations applicable, we affirm.

In 1985, Aguero signed a document titled "Real Estate Lien Note" promising to pay $36,000.00, plus interest, to Ramirez. Under the terms of the note, Aguero was to pay $2,649.00 in semi-annual payments. The note was secured by a deed of trust and a vendor's lien on real property. On December 30, 1994, Aguero defaulted in paying the note. On May 12, 1999, Ramirez filed an original petition to enforce payment of unpaid principal and interest on the note. Following a bench trial, the court entered judgment in favor of Ramirez.

The trial court made findings of fact and conclusions of law, concluding the note was a negotiable instrument and that, because Ramirez's petition only sought enforcement of the note, and not foreclosure on the real property securing the note, the applicable statute of limitations was governed by section 3.118 of the Texas Business and Commerce Code.[1] Section 3.118(a) states "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note...." TEX. BUS. & COM. CODE ANN. § 3.118(a) (Vernon Supp.2002).

■ The trial court's conclusions of law are not binding on this Court, and this Court is free to make its own legal conclusions. *Muller v. Nelson, Sherrod & Carter*, 563 S.W.2d 697, 701 (Tex.Civ.App.-Fort Worth 1978, no writ). We review the trial court's conclusions of law *de novo* to determine their correctness. *See State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996); *City of Beaumont v. Spivey*, 1 S.W.3d 385, 389 (Tex.App.-Beaumont 1999, pet. denied). Conclusions of law will not be reversed unless they are erroneous as a matter of law. *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 547 (Tex.App.-Austin 1999, pet. denied). If the trial court's conclusions are erroneous, the judgment will not be reversed if the controlling findings of fact support a correct legal theory. *See Mack v. Landry*, 22 S.W.3d 524, 528 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

In his sole issue, Aguero contends the trial court erred in applying a six-year statute of limitations. He argues that because this was a real estate lien note secured by both a vendor's lien and a deed of trust, the applicable statute of limitations

---

1. A negotiable instrument is defined as a written instrument that (1) is signed by the maker or drawer, (2) includes an unconditional promise to pay or order to pay a specified sum of money, (3) is payable on demand or at a definite time, and (4) is payable to order or to bearer. TEX. BUS. & COM.CODE ANN. § 3.104 (Vernon 1994 & Supp.2002). The promissory note used in this case satisfies these elements and is, therefore, negotiable.

is four years as set forth in section 16.035 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(a) (Vernon 1986 & Supp.2002). Section 16.035(a) states "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." *Id.* Aguero claims the cause of action arose on December 30, 1994, the date the last payment became due, and that, because the suit was filed on May 12, 1999, the four-year statute of limitations period had expired.[2] Aguero argues that the real estate lien note is not separable from the vendor's lien and the deed of trust. He cites *Palmer v. Palmer,* 831 S.W.2d 479 (Tex.App.-Texarkana 1992, no writ), for the proposition that documents executed at approximately the same time, as part of the same transaction, are to be interpreted as a single document. The *Palmer* court stated, "a lien is an incident of, and is inseparable from, the debt." *Id.* at 482. In *Palmer,* the creditor sought to foreclose on a deed of trust and an order for the sale of the property. *See id.* at 480. The makers of the note brought a declaratory judgment action seeking a declaration that a portion of the installment payments on the promissory note were barred by limitations because they had been overdue for more than four years. *See id.* In reliance on section 16.035 of the Texas Civil Practice and Remedies Code, the court held that because the note was secured by real property, the limitations period did not begin to run until the maturity date of the last payment and, therefore, no installment payments under the note were barred by limitations. *See id.* at 481. By stating that a lien is inseparable

from the debt, the court was rejecting the makers' argument that section 16.035 only applies to a suit to foreclose a lien and not to a suit on the underlying debt, such as their declaratory action. *See id.* Here, the barring by limitations of certain installment payments on the note is not in issue, therefore, Aguero's reliance on *Palmer* is misplaced.

■ Where there is a debt secured by a note, which is, in turn, secured by a lien, the note and lien constitute separate obligations. *Whittington v. Whittington,* 853 S.W.2d 193, 195 (Tex.App.-Beaumont 1993, no writ); *see Henson v. C.C. Slaughter Co.,* 206 S.W. 375, 377 (Tex.Civ.App.-El Paso 1918, no writ) (debt was held to be time barred but real property lien was foreclosed); *Adams v. Harris,* 190 S.W. 245, 246 (Tex.Civ.App.-Texarkana 1916, no writ) (debt was enforced but action to foreclose liens was held to be time barred); *compare Taylor v. Rigby,* 574 S.W.2d 833, 839 (Tex.Civ.App.-Tyler 1978, writ ref'd) (court held where there is *no note,* but merely a debt secured by a lien, the lien is an incident of and inseparable from the debt) (emphasis added) (citing *University Sav. & Loan Ass'n v. Security Lumber Co.,* 423 S.W.2d 287, 292 (Tex.1967)). Ramirez's debt was secured by a note, which was, in turn, secured by a lien; therefore, the note and the lien are separable. *See Whittington,* 853 S.W.2d at 195.

Aguero further contends the 1997 amendment to section 16.035 supports his claim that the four-year limitations period should apply. Section 16.035 states "[t]he limitations period under this section is not affected by Section 3.118, Business & Commerce Code." TEX. CIV. PRAC. & REM.

---

**2.** Section 16.035(e) states "[i]f a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation or installment." TEX. CIV. PRAC. & REM CODE ANN § 16.035(e) (Vernon 1986 & Supp.2002).

CODE ANN. § 16.035(f) (Vernon Supp.2002). He further relies on section 3.118(h) which states that "[t]his section does not apply to an action involving a real property lien covered by section 16.035 or 16.036, Civil Practice and Remedies Code." TEX. BUS. & COM.CODE ANN. § 3.118(h) (Vernon Supp. 2002). Aguero points to the State Bar Committee Comment to section 3.118 which states that "because of their particular nature, the statute of limitations provisions of sections 16.035 and 16.036 of the Texas Civil Practice and Remedies Code, relating to actions with respect to debts secured by liens on real property ... should be interpreted to control, in appropriate circumstances, over the provisions of section 3.118." TEX. BUS. & COM.CODE ANN. § 3.118 cmt. (Vernon Supp.2002).

 We agree the statutory provisions and the comment to section 3.118 limit the ability to sue to enforce a real estate lien or foreclose on real property securing a lien. However, they do not prohibit Ramirez from seeking enforcement on the promissory note.

If Ramirez was suing to enforce the lien, the deed of trust, or seeking to foreclose on the property used as security, the four-year statute of limitations would apply. After the expiration of a four-year period, the right to sue to enforce the lien and to foreclose on the property is lost. *See Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 567 (Tex.2001). However, Ramirez is only suing to enforce payment on the promissory note. His suit is still actionable.

Section 3.118 of the business and commerce code by its terms applies to "an action to enforce the obligation of a party to pay a note payable at a definite time," TEX. BUS. & COM.CODE ANN. § 3.118(a) (Vernon Supp.2002), while section 16.035 of the civil practice and remedies code by its terms applies to a suit "for the recovery of real property...." TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a) (Vernon 1986 & Supp.2002). Because Ramirez is not seeking to recover real property, but is only seeking to enforce a negotiable promissory note, we find that the six-year limitation period applies to his suit. *See* TEX. BUS. & COM.CODE ANN. § 3.102(a) (Vernon Supp. 2002). Aguero's sole issue is overruled.

Accordingly, the trial court is affirmed.