NUMBER 13-07-361-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


S. P. GOENKA, Appellant,


v.
 


STEPHEN L. BAXTER, Appellee.

 


On appeal from the County Court at Law No. 3 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellee, Stephen L. Baxter, filed suit against Gimpex, Ltd. (Gimpex) and
appellant, S.P. Goenka, an officer of Gimpex, for breach of an employment contract. 
Goenka filed a special appearance, which was denied by the trial court . By one
issue, Goenka contends the trial court erred in denying his special appearance
because (1) jurisdiction cannot be asserted over him by his mere affiliation with
Gimpex, (2) there is no jurisdiction over him in Texas, and (3) denial of his special
appearance was based on his failure to appear at the special appearance hearing. 
We reverse and remand.

I. Background

 Baxter, a resident of Corpus Christi, Texas, entered into a contract with
Gimpex, a limited partnership formed pursuant to the laws of India. This contract was
signed by Baxter and Robert Waterhouse, a Gimpex representative. Baxter contends
that under the terms of the contract he was entitled to one year's severance pay if he
was terminated without cause. On February 26, 2006, through email, Goenka
terminated Baxter. In the email, Goenka stated the following: 

 You are too expensive for my work. I made your mind very clear at the
time of hiring, that you have to create revenue. I am sorry, till date not
a penny revenue has been created though almost 4 and a half months
have already passed. Hence your services are being terminated from
March 2006. 


 On March 31, 2006, Baxter filed an original petition against Gimpex and
Goenka for breach of contract seeking to recover his contractual severance pay and
attorney fees. Baxter's suit alleged that Gimpex is a foreign corporation which
engages in business in the State of Texas but does not maintain a regular place of
business in Texas and has not designated an agent for service of process. Baxter
further alleged that Goenka can be served in Texas under the court's jurisdiction
because Goenka was doing business in the State of Texas. 

 On August 2, 2006, Goenka filed a special appearance and a general denial
subject to his special appearance. It is undisputed that Goenka did not request a
hearing on the special appearance. According to Goenka, Baxter requested the
hearing, which the court set for April 5, 2007. Goenka contends that he was not given
notice of the hearing. It is undisputed that he was not present for the hearing. The
trial court denied Goenka's special appearance concluding that Goenka "failed to
appear to establish that he is not amenable to jurisdiction of the Court." Goenka
requested findings of fact and conclusions of law. In its conclusions of law, the trial
court stated: "1. A party filing a special appearance has the burden of proof. 2. A
party who files a Special Appearance and then fails to appear at the scheduled
hearing waives their Special Appearance."

II. Standard of Review and Applicable Law

 We review the trial court's determination to grant or deny a special appearance
de novo. BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). 
We may review the "trial court's legal conclusions drawn from the facts to determine
their correctness." Id. A trial court's conclusions of law are reviewed de novo as legal
questions. Id. Incorrect conclusions of law will not require reversal if the controlling
finding of facts will support a correct legal theory. Marchand, 83 S.W.3d at 794;
Aguero v. Ramirez, 70 S.W.3d 372, 373 (Tex. App.--Corpus Christi 2002, pet. denied). 
We will only reverse a trial court's conclusions of law if they are erroneous as a matter
of law. Stable Energy, L.P. v. Newberry, 999 S.W.2d 538, 547 (Tex. App.-Austin 1999,
pet. denied).

III. Failure to Appear as Basis for Denying Special Appearance

 Goenka contends that the trial court erred in denying his special appearance 
based on his failure to appear at the hearing. He complains that he neither requested
the hearing, nor received notice of it. He further asserts that the trial court should
have denied his special appearance only if the trial court determined it had jurisdiction
over him.

 Baxter argues, on the other hand, that Goenka waived any error predicated on
lack of notice of the hearing on the special appearance because he failed to raise the
issue to the trial court in a motion for new trial, failed to present evidence that he did
not have notice of the hearing, and failed to obtain a ruling on the issue by the trial
court. We disagree with Baxter's contention that the issue must be raised in a motion
for new trial.

 Nonetheless, we need not address the lack of notice. Texas Rule of Civil
Procedure 120a(3) requires a trial court to grant or deny a special appearance "on the
basis of the pleadings, any stipulations made by and between the parties, such
affidavits and attachments as may be filed by the parties, the results of discovery
processes, and any oral testimony". See Tex. R. Civ. P. 120a(3). Here, the special
appearance was denied because Goenka failed to appear.

 We conclude, therefore, that the trial court's legal conclusion is erroneous as
a matter of law. The trial court did not determine the special appearance pursuant to
rule 120a(3). See id; Stable Energy, 999 S.W.2d at 547.

 We therefore reverse and remand for proceedings consistent with this opinion. 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 20th day of December, 2007.