Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-10-00114-CV

Barry A. **MCCLENAHAN**,
Appellant

v.

Susan D. **MCCLENAHAN**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-03956
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:  Steven C. Hilbig, Justice

Sitting:  Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  April 6, 2011

AFFIRMED

Barry A. McClenahan appeals the trial court's divorce decree, complaining the court erred by modifying the decree after its plenary power expired and by awarding an equitable reimbursement claim in favor of Susan D. McClenahan. We affirm the trial court's judgment.

### BACKGROUND

Susan McClenahan's pleadings in the divorce action included claims for reimbursement of funds expended by her separate estate to pay community debts and a claim that Barry

McClenahan wasted community assets. After a trial to the bench, the trial court signed a decree that awarded Susan's separate estate reimbursement from the community for funds used to discharge community debt and for the value of assets wasted by Barry. The decree did not assign any values to these claims, but decreed the equitable reimbursement claim and the claim for waste were offset against the community estate. The trial court signed two amended decrees to correct errors in the property division. However, there was no change in the decree with respect to the offset awarded for Susan's equitable reimbursement and waste claims.

The trial court signed separate findings of fact and conclusions of law. The court made specific findings that Susan proved by clear and convincing evidence three equitable reimbursement claims and a waste claim. The court made specific findings as to the values of the equitable reimbursement claims, but did not make a finding as to the value of the waste claim.[1] The values the court assigned to the three equitable reimbursement claims were:

Separate property used to pay community credit card debt: $ 263,075.94
Separate property used to pay margin and overdraft debt: $ 41,075.35
Separate property used to pay property taxes on community residence: $ 11,521.76

The court attached to the findings a spreadsheet reflecting the values it assigned the parties' assets and liabilities and its division of the community estate that was the basis of the decree. The spreadsheet includes an offset against the community estate in Susan's favor for "Reimbursement/'Waste'" in the amount of $350,700.00. Although the findings of fact state that Susan "was entitled to recover on" her waste claim and all three of the equitable reimbursement claims, the court's conclusions of law stated only that the equitable reimbursement claims "should be awarded."

---

[1] The waste claim was based on income of approximately $300,000.00, which Barry received after the parties separated and for which he failed to account.

After filing his notice of appeal, Barry filed a motion asking we abate the appeal and remand the case to the trial court for additional findings of fact. Barry stated that the waste claim was "hotly contested" from a factual standpoint and the equitable reimbursement claim arising from payment of a credit card debt was "hotly contested" from a legal standpoint. He alleged he "has a right to know whether the trial court ruled against him on each of the four claims," and that without knowing the values the trial court assigned to each claim to arrive at the $350,700.00 total, Barry would be unable to properly present the issues on appeal. We granted the motion and ordered the trial court to make separate findings regarding the validity and valuation of Susan's waste claim and each of her equitable reimbursement claims.

The trial court held a hearing and filed supplemental findings of fact and conclusions of law. The court found that Susan's three equitable reimbursement claims were valid and that she proved by clear and convincing evidence she paid the following expenses with her separate property: (1) at least $263,000.76 of community credit card debt; (2) at least $41,075.00 in community margin overdraft debt; and (3) at least $11,325.00 for property taxes related to the community residence. The court also found Susan proved by clear and convincing evidence a valid claim for waste of community assets in the amount of $298,300.00. Although the court found Susan proved all four of her equitable reimbursement and waste claims, totaling in excess of $613,700.00, the court's supplemental conclusion of law stated Susan should receive an offset in the amount of $350,700.00, consisting of the waste claim, and the reimbursement claims for payment of the margin overdraft debt and property taxes.

We reinstated the appeal and Barry filed his brief, in which he argues the supplemental findings and conclusions improperly modified the divorce decree, contends Susan's payment of

the credit card debt is not reimbursable, and challenges "the propriety of the trial court's decision-making process."

## DISCUSSION

In his first and third issues, Barry contends we must set aside the supplemental findings and conclusions and remand for a new property division because the trial court effectively amended the divorce decree after its plenary power had expired and because the trial court's decision-making process was "flawed." We disagree. The Second Amended Final Divorce Decree awarded Susan's separate estate reimbursement from the community for funds used to discharge community debt and for the value of assets wasted by Barry, and decreed the equitable reimbursement and waste claims were offset against the community estate. The trial court's supplemental findings and conclusions do not modify this or any other aspect of the divorce decree. Moreover, the salient fact findings have not changed. The trial court repeated its findings that Susan proved her waste and equitable reimbursement claims by clear and convincing evidence. The amount of the offset for the combined equitable reimbursement and waste claims remained $350,700.00. The only significant addition to the findings of fact is the one Barry asked for – a finding of the value of the waste claim Susan established, which the trial court found to be $298,300.00.

Barry's complaint focuses on the fact the trial court changed its opinion as to what the component parts of the $350,700.00 offset should be. The trial court's earlier conclusions of law suggested the bulk of the offset consisted of the equitable reimbursement claim for payment of the community credit card debt. The supplemental conclusions, filed after the appeal, stated the offset consisted of the waste claim and the two smaller equitable reimbursement claims. Barry contends this "change[d] the very essence of [the] judgment." We disagree. The judgment

decreed Susan prevailed on the claims and that they would be offset against the community estate. The amount of the offset reflected in the property division is less than the cumulative value of the four claims on which Susan prevailed. The trial court's supplemental conclusion did not make any additional awards or change the decree; it merely stated the trial court's conclusion that the offset should be based primarily on the waste claim rather than the equitable reimbursement claims. Barry cites no authority to support his contention that this constitutes an amendment to the decree, and we hold there was none.

Barry also argues that even if the judgment was not "technically" amended, it should be reversed because the "trial court's final number resulted from a flawed process focused on preventing appellate scrutiny rather than resolution of discrete fact issues." Barry correctly notes that the record of the hearing ordered by this court reflects Susan and the trial court were concerned with protecting the judgment on appeal. However, the "final number" did not change. Apparently believing that the waste claim was more firmly supported by the law than the credit card reimbursement claim, the trial court concluded the waste claim should be the primary component of the offset. Either claim supported the judgment, and we do not believe that changing the basis of the decision is a "flaw in the decision-making process" that requires reversal. In any event, we are not bound by the trial court's conclusions of law and will affirm the judgment if the controlling findings of fact support the judgment on any legal theory applicable to the case. *Ski Masters of Texas, LLC v. Heinemeyer*, 269 S.W.3d 662, 667 (Tex. App.—San Antonio 2008, no pet.); *Aguero v. Ramirez*, 70 S.W.3d 372, 373 (Tex. App.—Corpus Christi 2002, pet. denied). For these reasons we overrule Barry's first and third issues.

In his second issue, Barry challenges the equitable reimbursement award to Susan for payment of a community credit card debt, arguing that as a matter of law it is not reimbursable.

However, Barry does not challenge the validity of the equitable reimbursement claims for payment of property taxes and margin overdraft debt or the validity of the waste claim, and he "concedes that the evidentiary record would support the trial court's findings as to the values of Susan's reimbursement and waste claims." Because the trial court's unchallenged findings on these claims support its $350,700.00 offset against the community estate, we need not decide whether the credit card claim is reimbursable and we overrule Barry's second issue.

The trial court's judgment is affirmed.

Steven C. Hilbig, Justice