TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00644-CV






Kevin Bierwirth, Appellant


v.


BAC Home Loans Servicing, L.P., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GN-10-003239, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 In this appeal from a bench trial on an attempted real-estate foreclosure,
Kevin Bierwirth challenges the district court's take-nothing judgment on his declaratory-judgment
claim and the court's award of declaratory judgment to BAC Home Loans Servicing L.P.
establishing its right to foreclose. In three issues, Bierwirth contends that the district court erred in
declaring that BAC had the right to pursue nonjudicial foreclosure after his default on a promissory
note because the assignment of the note to BAC was not valid and because BAC was not a "holder
in due course." Because we conclude that BAC's evidence established its right to foreclose, we will
affirm the district court's judgment.






BACKGROUND



 Kevin Bierwirth purchased the real property and improvements at 13212 Running
Doe Lane in Cedar Park, Texas by borrowing $170,000 from Countrywide Home Loans, Inc. (1)
Bierwirth agreed to repay his loan by executing a promissory note, and he secured the note by
executing a deed of trust. Bierwirth's note and deed of trust were recorded in the Travis County
real property records. Both instruments identified Countrywide Home Loans, Inc. as the "Lender."
The deed of trust identified Mortgage Electronic Registration Systems (MERS)--the nominee for
the Lender (Countrywide Home Loans) and its successors and assigns--as beneficiary. (2) Bierwirth's
deed of trust specified that MERS had the right to exercise any or all of the interests that Bierwirth
granted in the deed of trust, including the right to foreclose and sell the property and to take any of
the Lender's required actions. MERS subsequently assigned Bierwirth's note and deed of trust to
BAC Home Loans Servicing and recorded the assignment in the Travis County real property records.
The assignment identified MERS ("as nominee for Lender and Lender[']s successors and assigns")
as the assignor and BAC Home Loans Servicing L.P. ("formerly known as Countrywide Home Loans
Servicing LP") as the assignee. See Warren v. Bank of Am., No. 3:11-CV-3603-M, 2012 U.S. Dist.
LEXIS 102561, at *2-3 (N.D. Tex. June 19, 2012) (addressing analogous facts). (3)

 Bierwirth defaulted on his loan by failing to make the required payments, then BAC
initiated nonjudicial foreclosure proceedings under the terms of the deed of trust and in compliance
with the property code. See Tex. Prop. Code Ann. § 51.002 (West Supp. 2012) (authorizing sale of
real property after default under powers granted in deed of trust); (4) Starcrest Trust v. Berry,
926 S.W.2d 343, 351 (Tex. App.--Austin 1996, no writ) (defining "deed of trust" as mortgage with
power to sell on default). Bierwirth responded by filing a "declaratory judg[]ment for verification
of debt," challenging BAC's right to foreclose. He obtained a temporary injunction halting the
foreclosure, and the case was set for trial. After the district court denied Bierwirth's second motion
for continuance, the trial proceeded.

 Acting pro se at trial, Bierwirth alleged that MERS lacked legal authority to assign
the note, that the assignment from MERS to BAC "bifurcate[d]" the note from the deed of trust,
"causing the deed of trust to be null and void," and that BAC was not a holder in due course with
a right to foreclose. (5) Bierwirth also argued that his "being behind on payment [wa]s irrelevant."



 BAC's evidence admitted at trial included: 



 the original "wet-ink" note, memorializing Bierwirth's promise to repay
$170,000 plus interest to Countrywide Home Loans, Inc. in return for the loan
that Bierwirth received and containing Bierwirth's acknowledgment that
Countrywide may transfer it; 

 the deed of trust between Countrywide and Bierwirth, containing the right of
foreclosure;




 the assignment of the note and deed of trust by Countrywide's nominee MERS
(acting on behalf of Countrywide and its successors or assigns) to BAC; 

 BAC's notice to Bierwirth that his loan was in "serious default because the
required payments ha[d] not been made"; 

 BAC's notice to Bierwirth of acceleration of the maturity of the debt; and 

 BAC's notice to Bierwirth of the substitute trustee sale.




 At the conclusion of the bench trial, the district court signed a final judgment ruling
that BAC was the holder of the note, the beneficiary under the deed of trust, and entitled to pursue
nonjudicial foreclosure. The court filed findings of fact and conclusions of law in support of its
judgment, and this appeal followed.



ANALYSIS


 Bierwirth's appellate issues challenge the legal sufficiency of the evidence supporting
the judgment. He argues specifically that there was no evidence demonstrating the validity of the
assignment of the note from MERS to BAC nor was there any evidence that BAC was a "holder in
due course" of the note.

 In an appeal from a judgment rendered after a bench trial, the trial court's findings
of fact serve the same function as the jury's verdict. See Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994); Davis v. Johnston, No. 03-10-00712-CV, 2012 Tex. App. LEXIS 5249, at *36
(Tex. App.--Austin June 28, 2012, no pet. h.) (mem. op.). When conducting a legal-sufficiency
review, we determine whether the evidence at trial would enable reasonable and fair-minded people
to reach the verdict under review by considering the evidence in the light most favorable to the
judgment, "crediting favorable evidence if reasonable jurors could, disregarding contrary evidence
unless reasonable jurors could not," and indulging every reasonable inference that would support the
district court's findings. City of Keller v. Wilson, 168 S.W.3d 802, 822, 827 (Tex. 2005). Evidence
is legally insufficient if (1) there is a complete absence of evidence of a vital fact; (2) the rules of law
or of evidence prevent giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (4) there is conclusive
evidence of the opposite of the vital fact. Id. at 810; see Jelinek v. Casas, 328 S.W.3d 526, 532 (Tex.
2010). More than a scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions," Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), but "less than a scintilla of evidence exists when the
evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).

 In this case, Bierwirth contends only that the evidence is legally insufficient to prove
the validity of BAC's assignment from MERS and that BAC was a holder in due course of the note.

 In his first issue, Bierwirth contends that MERS lacked legal authority to assign the
note because MERS was identified only in the deed of trust. (6) The deed of trust that undisputedly
identifies MERS as "the beneficiary under this Security Instrument" and "nominee for Lender" also
sets forth the parties' agreement granting MERS all of the Lender's rights under the deed of trust:


Borrower [Bierwirth] understands and agrees that MERS holds only legal title to the
interests granted by Borrower in this Security Interest, but, if necessary to comply
with the law or custom, MERS (as nominee for Lender [Countrywide Home Loans,
Inc.] and Lender's successors and assigns) has the right: to exercise any or all of
those interests, including, but not limited to, the right to foreclose and sell the
Property; and to take any action required of Lender. . . .



In Bierwirth's view, the provisions in his deed of trust are meaningless because the assignment by
MERS to BAC of a note that did not identify MERS and a deed of trust that did identify MERS
resulted in "bifurcation" of the note from the deed of trust, nullifying both instruments.

 This bifurcation theory originates in the concept that a note has no separate existence
from its security, and an assignment of the security alone is a nullity. See McCarthy v. Bank of Am.,
N.A., No. 4:11-CV-356-A, 2011 U.S. Dist. LEXIS 147685, at *8 (N.D. Tex. Dec. 22, 2011). Under
this theory, the holder of the deed of trust must also own or hold the note, otherwise the deed of trust
is ineffective and cannot be used to foreclose on the property described in the deed of trust. Id. at *8-9. This theory--which became known as "show-me-the-note"--began circulating in American
courts in 2009. Reardean v. CitiMortgage, Inc., No. A-11-CA-420-SS, 2011 U.S. Dist. LEXIS
87567, at *7 (W.D. Tex. July 25, 2011) (citing Wells v. BAC Home Loans Servicing, L.P., No. W-10-CA-00350, 2011 U.S. Dist. LEXIS 61529, at *4-5 (W.D. Tex. Apr. 26, 2011); Hornbuckle
v. Countrywide Home Loans, Inc., No. 02-09-00330-CV, 2011 Tex. App. LEXIS 3857, at *9
(Tex. App.--Fort Worth May 19, 2011, no pet.) (mem. op.). Since then, courts have "roundly
rejected" the "show-me-the-note" theory and dismissed claims relying upon it because "foreclosure
statutes simply do not require possession or production of the original note." Reardean, 2011 U.S.
Dist. LEXIS 87567, at *7; Hornbuckle, 2011 Tex. App. LEXIS 3857, at *9. (7)

 Similarly, this Court rejected the argument that a note and its security are inseparable
by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate
obligations--the note against the borrower and the lien against the real property. See Stephens
v. LPP Mortg., 316 S.W.3d 742, 747 (Tex. App.--Austin 2010, pet. denied). For this reason, a lien
creditor may pursue foreclosure of a lien against real property under the deed of trust independent
of any personal action against the borrower for collection on the note. See id.; see also Kramer
v. Fannie Mae, No. A-12-CA-276-SS, 2012 U.S. Dist. LEXIS 105878, at *16-19 (W.D. Tex.
May 15, 2012) (rejecting McCarthy's requirement that holder of deed of trust must also own or
hold note to be entitled to foreclose and recognizing that "authority to conduct a foreclosure under
Texas law is governed by an entity's relationship to the deed of trust, rather than the associated
note") (citing Carter v. Gray, 81 S.W.2d 647, 648 (Tex. 1935); Aguero v. Ramirez, 70 S.W.3d 372,
374 (Tex. App.--Corpus Christi 2002, pet. denied)). As one court recently explained:


Texas law differentiates between enforcement of a promissory note and foreclosure.
Foreclosure enforces the deed of trust, not the underlying note. Foreclosure is an
independent action against the collateral and may be conducted without judicial supervision. 
Enforcement of the note, on the other hand, is a personal action against the signatory and
requires a judicial proceeding. . . . Texas courts have refused to conflate foreclosure with
enforcement of a promissory note.



Reardean, 2011 U.S. Dist. LEXIS 87567, at *7-8 (internal citations omitted).

 Further, Bierwirth's assertion that the assignment from MERS to BAC resulted
in "bifurcation" between the note and the deed of trust is contrary to the Restatement (Third)
of Property, which provides that, with certain exceptions inapplicable here, "a transfer of a
mortgage also transfers the obligation that the mortgage secures." Restatement (Third) of Property
(Mortgages) § 5.4(b) & cmt. b (1997) (noting that "ownership of a contractual obligation can
generally be transferred by a document of assignment"); Kramer, 2012 U.S. Dist. LEXIS 105878,
at *14-15 (noting that there is "substantial authority" for principle that transfer of deed of trust
likewise transfers note). Although Bierwirth's note containing the express right to transfer did not
identify MERS, Bierwirth's deed of trust did identify MERS, and because the note and deed of trust
must be read together when evaluating their provisions, MERS had the authority to assign the note
and the deed of trust. See Warren, 2012 U.S. Dist. LEXIS 102561, at *12-13; Kramer, 2012 U.S.
Dist. LEXIS 105878, at *14-15; Helms v. Mortgage Elec. Registration Sys., No. H-11-3298, 2012
U.S. Dist. LEXIS 2034, at *6-7 (S.D. Tex. Jan. 9, 2012).

 Here, under the express terms of Bierwirth's deed of trust, MERS--acting on
behalf of the Lender (Countrywide) and its successors and assigns--had authority to exercise any or
all of the Lender's rights, "including but not limited to, the right to foreclose and sell the property."
The Lender's rights include the right of assignment, as stated in the provisions of the note, which
is read with the deed of trust. Bierwirth's assertion that there was legally insufficient evidence
demonstrating the validity of the assignment of the note from MERS to BAC is not supported by this
record. Thus, we overrule Bierwirth's first issue.


Holder-in-due-course arguments

 In his second and third issues, Bierwirth contends that there was no evidence that
BAC was a "holder in due course" of the note because the note was in default before the assignment
from MERS, and BAC could have no right to foreclose on a note secured by property without
holder-in-due-course status. (8) However, as stated in our discussion of Bierwirth's first issue,
Texas law does not require that one be a holder of the note and the deed of trust to be entitled to
foreclose, much less a holder-in-due-course of the note. See, e.g., Carter, 81 S.W.2d at 648 ("It is
so well settled as not to be controverted that the right to recover a personal judgment for a debt
secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may
elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the
lien."); Stephens, 316 S.W.3d at 747 ("When a debt is memorialized by a note that is secured by a
lien, the note and lien constitute separate obligations.") (citing Aguero, 70 S.W.3d at 374); see also
Kramer, 2012 U.S. Dist. LEXIS 105878, at *17-19 (recognizing that "authority to conduct a
foreclosure under Texas law is governed by an entity's relationship to the deed of trust, rather than
the associated note"). BAC seeks to enforce its remedy, i.e., nonjudicial foreclosure, under
Bierwirth's deed of trust, not the note.

 Bierwirth's assertion that an entity must own or hold a promissory note to conduct
a foreclosure under the associated deed of trust runs afoul of the property code provisions
governing foreclosure under a deed of trust. See Tex. Prop. Code Ann. §§ 51.0001(4), .002 (West
Supp. 2012); Kramer, 2012 U.S. Dist. LEXIS 105878, at *17-18. Chapter 51.002 of the property
code authorizes a mortgagee to sell real property under a "power of sale conferred by a deed of
trust." Tex. Prop. Code Ann. § 51.002; see 15 W. Mike Baggett, Texas Practice Series:
Texas Foreclosure: Law & Practice § 2.02 (2002). The statutory definition of a "mortgagee" who
is authorized to foreclose includes:



 the grantee, beneficiary, owner, or holder of a security instrument; and 

 a book entry system that acts as a nominee for the grantee, beneficiary, owner, or
holder of the security instrument and its successors and assigns.




See Tex. Prop. Code Ann. §§ 51.0001(1), (4); Kramer, 2012 U.S. Dist. LEXIS 105878, at *18.
Nothing in these statutory references to foreclosure under a deed of trust mentions any requirement
about the associated promissory note. Kramer, 2012 U.S. Dist. LEXIS 105878, at *18.

 Because the deed of trust identifies MERS as the beneficiary and the nominee for
the Lender (Countrywide) and its successors and assigns, MERS was a "mortgagee" as defined in
the property code. See Allen v. Chase Home Fin., LLC, No. 4:11-CV-223, 2011 U.S. Dist. LEXIS
74340, at * 7-9 (E.D. Tex. June 10, 2011). When MERS executed the assignment to BAC, BAC
obtained all of MERS's rights and interests in the deed of trust (originating from the Lender,
Countrywide), including the "right to foreclose and sell the Property." See Campbell v. Mortgage
Elec. Registration Sys., No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *15
(Tex. App.--Austin May 18, 2012, pet. filed) (mem. op.) (citing Athey v. Mortgage Elec.
Registration Sys., 314 S.W.3d 161, 166 (Tex. App.--Eastland 2010, pet. denied)). Bierwirth's deed
of trust provided for the use of MERS and those provisions are enforceable to the extent of the terms
set forth in the documents. See id. Stated differently, "where, as here, a deed of trust expressly
grants MERS the power of sale, then MERS has that power." Id. (citing Athey, 314 S.W.3d at 166);
see also Kazmi v. BAC Home Loans Servicing, L.P., No. 4:11-CV-375, 2012 U.S. Dist. LEXIS
24620, at *17 (E.D. Tex. Feb. 3, 2012) (noting that as "mortgagee" under property code, MERS
could authorize BAC to foreclose "regardless of whether MERS was the true owner of the Note").

 Finally, even if we were persuaded that BAC's right to foreclose hinged on
establishing itself as a holder of Bierwirth's note, it made that showing below. A "holder" is defined
in the Texas Business and Commerce Code as "the person in possession of a negotiable instrument
that is payable either to bearer or to an identified person that is the person in possession." Tex. Bus.
& Com. Code Ann. § 1.201(b)(21)(A) (West 2009). Apparently out of an abundance of caution,
BAC introduced into evidence Bierwirth's original note that was endorsed in blank. An instrument
containing a blank endorsement is payable to the bearer and may be negotiated by transfer of
possession alone. See id. § 3.205 (West 2002). Accordingly, in addition to BAC being a statutory
"mortgagee" authorized to conduct foreclosure under chapter 51 of the property code (after the
assignment from MERS), BAC was also the "holder" of Bierwirth's note because it was in
possession of the note, a negotiable instrument that was endorsed payable to its bearer.

 Based on this record, we conclude that there was sufficient evidence supporting the
district court's determinations that BAC was the holder of the note, that BAC was the beneficiary
under the deed of trust, and that BAC was entitled to pursue nonjudicial foreclosure under the
terms of the deed of trust and section 51.002 of the property code. Thus, we overrule Bierwirth's
second and third issues.


CONCLUSION


 Having overruled Bierwirth's three issues, we affirm the district court's judgment
declaring that BAC was the holder of the note, that BAC was the beneficiary under the deed of trust,
and that BAC was entitled to pursue nonjudicial foreclosure under the terms of the deed of trust and
section 51.002 of the property code.



 
 Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 30, 2012
1. BAC makes the uncontroverted assertion that Bierwirth is a real-estate investor who
purchases property, leases it, and "cash flows" the property without paying the mortgage. Bierwirth
has a history of real-estate foreclosure and forcible-detainer litigation. See, e.g., In re Bierwirth,
No. 03-12-00488-CV, 2012 Tex. App. LEXIS 6205 (Tex. App.--Austin July 26, 2012,
orig. proceeding) (mem. op.); Bierwirth v. TIB-The Indep. BankersBank, No. 03-11-00336-CV, 2012
Tex. App. LEXIS 6681 (Tex. App.--Austin Aug. 10, 2012, no pet. h.) (mem. op.); Bierwirth v.
Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae, No. 03-12-00271-CV; see also Bierwirth v. Mortgage
Elec. Registration Sys., No. 1:2011cv00758 (W.D. Tex.); Bierwirth v. Bank of Am., N.A., No.
1:2012cv00112 (W.D. Tex.).
2. The MERS system is "an electronic mortgage registration system and clearinghouse that
tracks beneficial ownerships in, and servicing rights to, mortgage loans." In re Mortg. Elec.
Registration Sys. (MERS) Litig., 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009); see also Campbell v.
Mortgage Elec. Registration Sys., No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *13
(Tex. App.--Austin May 18, 2012, pet. filed) (mem. op.).
3. Federal authority is persuasive here because a great amount of home-mortgage litigation
in Texas is tried in its federal courts, applying Texas foreclosure law. See Robeson v. Mortgage
Elec. Registration Sys., No. 02-10-00227-CV, 2012 Tex. App. LEXIS 137, at *12 n.4
(Tex. App.--Fort Worth Jan. 5, 2012, no pet.) (mem. op.).
4. Because recent amendments to the property code did not change the substance of the
statutes relevant to this appeal, we cite to their current version.
5. Bierwirth obtained counsel for this appeal.
6. Although Bierwirth does not state so specifically, his first issue appears to challenge the
district court's finding that "[t]he Note and Deed of Trust were subsequently assigned to BAC Home
Loans Servicing, LP pursuant to an Assignment effective August 16, 2010 and recorded as
Document No. 2010144375 in the real property records of Travis County, Texas."
7. Texas federal courts have rejected use of the "bifurcation" theory as an attempt to
invalidate MERS's assignment of foreclosure rights in a deed of trust. See, e.g., Odum v. Mortgage
Elec. Registration Sys., No.4:12-cv-959, 2012 U.S. Dist. LEXIS 86893, at *5-9 (S.D. Tex. June 22,
2012); Kramer v. Fannie Mae, No. A-12-CA-276-SS, 2012 U.S. Dist. LEXIS 105878, at *16-19
(W.D. Tex. May 15, 2012); Reardean v. CitiMortgage, Inc., No. A-11-CA-420-SS, 2011 U.S. Dist.
LEXIS 87567, at *7-9 (W.D. Tex. July 25, 2011); Allen v. Chase Home Fin., LLC, No.
4:11-CV-223, 2011 U.S. Dist. LEXIS 74340, at * 6-11 (E.D. Tex. June 10, 2011); DeFrancheschi
v. Wells Fargo Bank, N.A., 837 F. Supp.2d 616, 623 (N.D. Tex. 2011).
8. Although Bierwirth does not state so specifically, his second and third issues appear to
challenge two of the district court's legal conclusions drawn from the facts in the record:


(1)  "Defendant BAC Home Loans Servicing, LP is the correct holder of the Promissory Note"; and 


(2) "Defendant BAC Home Loans Servicing, LP became the holder of the Promissory Note and
beneficiary of the Deed of Trust by way of an Assignment, which was effective as of August 16,
2010 and recorded as Document No. 2010144375 in the real property records of Travis County,
Texas."