

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00729-CV

Cynthia L. **LOWERY**,
Appellant

v.

**BANK OF AMERICA, N.A.,** successor by merger to BAC Home Loan Servicing, LP,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-03291
Honorable Gloria Saldana, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  October 23, 2013

AFFIRMED

Cynthia Lowery filed suit against appellee BAC Home Loans Servicing, LP, its predecessors, assigns, and successors in interest ("BAC"), challenging BAC's nonjudicial foreclosure of her home. The trial court granted BAC's hybrid no evidence and traditional motion for summary judgment. We affirm.

## BACKGROUND

In June 2000, Cynthia Lowery executed a $140,650.00 promissory note, secured by a deed of trust, to purchase a home. The note was payable to Temple-Inland Mortgage Corporation. The

beneficiary of the deed of trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for the lender Temple-Inland Mortgage Corporation. In 2009, MERS assigned the note and deed of trust to BAC. Stephen Porter, as "Assistant Secretary" for MERS, signed the assignment.

BAC began a nonjudicial foreclosure of Lowery's home in March 2011. Lowery filed this lawsuit for wrongful foreclosure. Lowery sought and obtained a temporary injunction preventing BAC from foreclosing. BAC filed a hybrid no evidence and traditional motion for summary judgment. The trial court granted the motion and dismissed Lowery's claims with prejudice. Lowery appeals the court's judgment.

## ANALYSIS

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a party files a motion for both no evidence and traditional summary judgment and the trial court grants the motion without specifying the grounds on which it granted the motion, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). We may review the no evidence grounds first, and affirm the judgment if they are dispositive. *See Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004).

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 526 (Tex. 2009). The court examines the entire record in the light most favorable to the nonmovant, and if the nonmovant brought forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no

evidence summary judgment is improper. *All Am. Tel.*, 291 S.W.3d at 527. If the nonmovant's evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact, it is less than a scintilla of evidence. *Id.* More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions. *Id.*

In the no evidence part of its motion for summary judgment, BAC argued that Lowery had produced no evidence that it lacked the authority to foreclose. In response, Lowery claimed she had produced evidence showing BAC lacked the authority to enforce the promissory note and deed of trust. With respect to the promissory note, she pointed out the note was neither payable to MERS or BAC, nor endorsed to either of them. With respect to the deed of trust, Lowery pointed out this instrument did not name BAC as the beneficiary and also argued that she had provided some evidence that Porter did not have the authority to assign the deed of trust to BAC on MERS's behalf and therefore never received any rights under it.[1]

We first observe that any evidence or argument that BAC did not validly hold the promissory note is not evidence that BAC lacked the authority to foreclose on the deed of trust. A promissory note and the deed of trust that secures the note constitute two separate and severable obligations of the debtor-mortgagor, each with its own distinct remedy for the breach of those obligations. *See Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935); *Bierwirth v. BAC Home Loans Serv., L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3–4 (Tex. App.—Austin Aug. 30 2012, no pet.); *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied). Consequently, a deed of trust may be enforced by the mortgagee, regardless of whether the

---

[1] At trial and on appeal, Lowery sometimes refers to BAC's purported lack of authority to foreclose as a lack of "standing." In turn, BAC argues that Lowery lacks "standing" to challenge the validity of the assignment from MERS to itself. Standing is a component of subject-matter jurisdiction, and the standing doctrine requires that there be (1) a real controversy between the parties, that (2) will be actually determined by the judicial declaration sought. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005). None of the party's argument actually concerned standing, and neither party has raised a challenge to jurisdiction. *See Flores v. BAC Home Loans Serv., L.P.*, No. 04-12-00598-CV, 2013 WL 4483422, at *1–2 (Tex. App.—San Antonio Aug. 21, 2013, no pet. h.).

mortgagee also holds the note. *See Carter*, 81 S.W.2d at 648; *Bierwirth*, 2012 WL 3793190, at *3–4; *Aguero*, 70 S.W.3d at 374. In addition, "the transfer of a mortgage *presumptively* includes the note secured by the mortgage, whether or not the instrument of assignment expressly references the note." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d 700, 706 (5th Cir. 2013); *see also Bierwirth*, 2012 WL 3793190, at *4. For these reasons, the fact that neither MERS nor BAC were named as a payee on the note and the fact that the note was not endorsed to MERS or BAC do not constitute evidence that BAC lacked the authority to foreclose under the deed of trust.

We turn next to Lowery's contention that she produced some evidence showing the assignment through which BAC claims a security interest in her home is void. She relies solely on an excerpt of an April 2010 deposition taken in a New Jersey state court proceeding. The deponent, William Hultman, was the corporate secretary of MERS at that time. Lowery asserts this deposition "calls into question [BAC's] interest" in her home because it shows "MERS has never executed any corporate resolution permitting the appointment of any non-MERS employees as authorized signatories of MERS or as assistant secretaries of MERS." She then asserts that Porter, who signed the assignment on behalf of MERS, was "not authorized by any corporate resolution of MERS to execute such a conveyance." Thus, Lowery's argument appears to be that Hultman's testimony is more than a scintilla of evidence that Porter did not have the authority to assign the note and deed of trust from MERS to BAC.

Lowery does not identify which parts of the deposition support her assertions, and it is not obvious how the excerpted portion of the deposition supports Lowery's claim. The deposition appears to relate to whether MERS's board of directors had authorized Hultman to appoint employees of a law firm as assistant secretaries and vice-presidents of MERS. Hultman's testimony showed that MERS had disbanded and reformed twice since 1998. The first MERS board of directors authorized Hultman to appoint assistant secretaries and vice-presidents for the

company. When MERS twice subsequently disbanded and reformed, the new boards adopted some of the prior boards' resolutions. Hultman testified he was not aware whether the newest board had specifically adopted the original resolution granting him the authority to appoint assistant secretaries and vice-presidents.

To the extent the deposition can be construed to support Lowery's claim that Porter was not an authorized signatory for MERS, it shows that Hultman *may* not have had the authority to appoint officers for MERS because a new MERS board *may* not have adopted the resolution giving him that authority. However, Hultman's lack of knowledge about whether the board adopted that resolution is not evidence that the board actually did not adopt that resolution. Thus the deposition does not show that any appointments that Hultman made were invalid for a lack of authority. Additionally, the deposition does not show that Hultman was the sole person with the authority to appoint assistant secretaries or vice-presidents as authorized signatories for MERS. Nor does it show that those officers were the only "authorized signatories" able to assign instruments on MERS's behalf. The deposition does not even establish that authorized signatories needed to be specially appointed by the board or Hultman. Thus the deposition is no evidence that Porter was not an authorized signatory of MERS at the time of the assignment. We conclude the deposition is less than a scintilla of evidence that Porter lacked the authority to assign the note and deed of trust on behalf of MERS and that the deed of trust was invalidly assigned to BAC.

## CONCLUSION

After reviewing Lowery's summary judgment evidence, we hold she produced less than a scintilla of evidence that BAC lacked the authority to conduct a nonjudicial foreclosure. We therefore affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

- 5 -